UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIA VECCHIO, individually, and on
behalf of all others similarly-situated,

                      Plaintiff,

           v.

QUEST DIAGNOSTIC INC., EXAMONE
WORLD WIDE, INC., and EXAMONE LLC,

                      Defendants.
------------------------------------------------------------X

**ORDER**

16-CV-5165 (ER (KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 7/20/17

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      On December 14, 2016, a civil case discovery plan and scheduling order issued, setting forth various deadlines, including that all discovery be completed by December 8, 2017. (Docket Entry No. 29). By a letter, dated July 11, 2017, the plaintiffs requested "a four-month extension of the discovery deadlines because of Defendants' dilatory tactics." (Docket Entry No. 60). According to the plaintiffs, the defendants "have agreed to a 60-day extension," but the plaintiffs content "that is not long enough" because their counsel "will need at least a few months to contact all 6,000 of the potential FLSA opt-in plaintiffs, and the process cannot even begin until Defendants produce examiners' contact information," which was ordered to be produced by the Court on May 3, 2017. In support of their request, the plaintiffs submitted certain communications between their counsel and the defendants' counsel, contending that those communications demonstrate "Defendants' foot dragging."

      "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The communications provided by the plaintiffs suggest that the defendants have not acted diligently in responding to the plaintiff's discovery-related communications,

1

delaying discovery and impeding the plaintiffs' discovery efforts, without a reasonable explanation. The Court finds that the plaintiff established good cause to modify schedule.

However, other than contending, in a footnote to the July 11, 2017 letter, that a 60-day extension to which the defendants consented "is not long enough" because the plaintiffs' counsel "will need at least a few months to contact all 6,000 of the potential FLSA opt-in plaintiffs," after the defendants "produce examiners' contact information," no explanation is provided justifying the four-month extension request. For example, the plaintiffs do not explain: (a) the basis for asserting that the number of the "potential opt-in plaintiffs" is 6,000; (b) the basis for estimating how much time is necessary to contact "all 6,000 of the potential FLSA opt-in plaintiffs"; or (c) why counsel needs "to contact all 6,000 of the potential FLSA opt-in plaintiffs," rather than a representative, smaller sub-set of that number. As of the plaintiffs' writing, dated April 2, 2017 (Docket Entry No. 45), "seven examiners have opted in to this action thus far" from New York and Florida. The plaintiffs do not explain whether, since April 12, 2017, they learned through discovery that the number of potential FLSA opt-in plaintiffs is 6,000, or whether they anticipated such a number when they commenced this action or at any time prior to learning about it, in which case the plaintiffs should have also anticipated the resources and developed a strategy for conducting appropriate and efficient discovery in connection with such a number of opt-in plaintiffs. The Court finds that 90 days is a reasonable time to extend the discovery deadlines set forth in the December 14, 2016 order. Accordingly, the following schedule will govern the parties' discovery activities:

1. on or before July 24, 2017, the defendants shall comply with the Court's May 3, 2017 order;

2. on or before December 31, 2017, non-expert depositions shall be completed;

2

3. on or before November 26, 2017, further interrogatories, including expert interrogatories, shall be served;

4. on or before November 26, 2017, requests to admit shall be served;

5. on or before December 17, 2017, expert reports shall be served;

6. on or before January 16, 2018, rebuttal expert reports shall be served;

7. on or before February 15, 2018, expert depositions shall be completed;

8. on or before March 8, 2017, all discovery shall be completed.

The plaintiffs' request, Docket Entry No. 60, is granted.

Dated: New York, New York
July 20, 2017

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE