# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA VECCHIO, on behalf of herself and )
all others similarly situated, )
)
              Plaintiff, )Case No. 1:16-cv-05165-ER-KNF
)
vs. )
)
QUEST DIAGNOSTICS, INC., EXAMONE )
WORLD WIDE, INC., and EXAMONE, )
LLC, )
)
              Defendants. )

I, Cara Smith Baines, declare under 28 U.S.C. § 1746 as follows:

1. I am a putative FLSA opt-in Plaintiff in this action. I make this declaration based on my personal knowledge and I am competent to testify regarding its contents.

2. I worked as a medical examiner for Quest Diagnostics, Inc., ExamOne World Wide, Inc., and ExamOne, LLC (collectively, "Defendants") in Charlotte, North Carolina from March 2014 to April 2015.

3. Defendants classified me as an independent contractor.

4. As a medical examiner, my job entailed performing medical exams on people for purposes of obtaining life insurance. Generally during these exams I collected data about the person's height, weight, and medical history; collected blood and urine samples; and performed electrocardiograms.

5. I was paid by the appointment.

6. To get ready for an appointment, I would call the people who were scheduled to be examined, print out the required paperwork, and gather the supplies I would need for the day. I was not paid for any of this work.

7. After my appointments were complete for the day, I would have to spin down blood, prepare it to be shipped, wait for Fed-Ex to pick up the package with the samples, and upload all of the completed paperwork for the day. I also had to review the paperwork to make sure the applicants had completed it correctly. I was not paid for any of this work.

8. In an average day, I would a significant amount of time preparing for my appointments, traveling between appointments, and doing post-appointment work. This does not count the time that I actually spent in applicants' homes. I was not compensated for any of this work.

9. Because of this off-the-clock time, I have not made minimum wage and/or overtime.

10. I feel Defendants deliberately paid its examiners by the appointment and made them do unpaid work to save themselves money.

11. Defendants labeled me an independent contractor, but I felt as if I was treated like an employee.

12. Defendants could have ended their association with me and terminated me at any time.

13. Defendants exercised control over me and provided instructions on how I was to do my job in the form of work orders.

14. Defendants monitored my performance both through customer feedback and through reviews of the forms I uploaded on to their system.

2

15. I had no input into my rate of pay. That was entirely determined by Defendants.

16. I could not form my own relationship with applicants or insurance companies such that they could work directly with me in the future, as opposed to going through Defendants.

17. When I accepted a patient appointment, I was required to complete the appointment, as opposed to doing a part of an appointment and rescheduling the rest or dividing my work up in some other way.

18. I did not exercise or perform managerial functions that affect my opportunity for profit or loss. My pay was not dependent on the success of Defendants or the excellence of my own work. I was simply paid for each appointment at a set rate determined by Defendants.

19. I provided my home office supplies, such as the printer, scanner, ink, and paper. Defendants provided my medical supplies such as the lab kits, centrifuge, and EKG machine.

20. The only educational prerequisite for my job was completion of a phlebotomy course.

21. Nothing in my agreement with Defendants or elsewhere limited the time I could work for them. The relationship was essentially indefinite.

22. I did not exercise any independent judgment or initiative in locating work. My assignments simply came from Defendants.

23. When I got this job I thought I would be paid well, at least enough to live on. Instead I was working all day and some days it cost me money to work, with all the travel and printing expenses. I hope I can get some of that money back.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28th, 2017 in Mooresville, North Carolina

Cara Smith Baines

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA VECCHIO, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE, LLC,<br><br>        Defendants. | No. 1:16-cv-05165-ER-KNF |

I, Joann Baumeister, declare under 28 U.S.C. § 1746 as follows:

1. I am a putative FLSA opt-in Plaintiff in this action. I make this declaration based on my personal knowledge and I am competent to testify regarding its contents.

2. I have worked as a medical examiner for Quest Diagnostics, Inc., ExamOne World Wide, Inc., and ExamOne, LLC (collectively, "Defendants") in Omaha, Nebraska from since at least 2002 to the present.

3. Defendants classify me as an independent contractor.

4. As a medical examiner, my job entails performing medical exams on people for purposes of obtaining life insurance. Generally during these exams I collect data about the person's height, weight, and medical history; collect blood and urine samples; and perform electrocardiograms.

5. I am paid by the appointment.

6. To get ready for an appointment, I call the people who were scheduled to be examined, print out the required paperwork, and gather the supplies I need for the day. I am not paid for any of this work.

7. After my appointments are complete for the day, I have to spin down blood, prepare it to be shipped, wait for Fed-Ex to pick up the package with the samples, and upload all of the completed paperwork for the day. I also have to review the paperwork to make sure the applicant has completed it correctly. I am not paid for any of this work.

8. In an average day, I spend a significant amount of time preparing for my appointments, traveling between appointments, and doing post-appointment work. This does not count the time that I actually spend applicants' homes. I am not compensated for any of this work.

9. Because of this off-the-clock time, I have not made minimum wage and/or overtime.

10. I feel Defendants deliberately pay their examiners by the appointment and make them do unpaid work to save themselves money.

11. Defendants label me an independent contractor, but I feel as if I am treated like an employee.

12. Defendants could end their association with me and terminate me at any time.

13. Defendants exercise control over me and provide instructions on how I am to do my job in the form of work orders.

14. Defendants monitor my performance both through customer feedback and through reviews of the forms I upload on to their system.

15. I have no input into my rate of pay. That is entirely determined by Defendants.

2

16. I cannot form my own relationship with applicants or insurance companies such that they could work directly with me in the future, as opposed to going through Defendants.

17. When I accept a patient appointment, I am required to complete the appointment, as opposed to doing a part of an appointment and rescheduling the rest or dividing my work up in some other way.

18. I do not exercise or perform managerial functions that affect my opportunity for profit or loss. My pay is not dependent on the success of Defendants or the excellence of my own work. I am simply paid for each appointment at a set rate determined by Defendants.

19. I provide my home office supplies, such as the printer, scanner, ink, paper, centrifuge, bloodpressure cuff, bag and scale. Defendants provide my medical supplies such as the lab kits, and EKG machine.

20. The only educational prerequisite for my job is completion of a phlebotomy course.

21. Nothing in my agreement with Defendants or elsewhere limits the time I could work for them. The relationship is essentially indefinite.

22. I do not exercise any independent judgment or initiative in locating work. My assignments simply come from Defendants.

23. I have worked for Defendants for a long time and it has gotten much worse recently. You used to be able to make a living on this job. Now it is hours of work at home, long drives and a lot of money out of your own pocket. There has to be a change.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 6, 2017 in Paxton, NE.

*Joann Baumeister*

3

Case 1:16-cv-05165-ER-KNF   Document 515-1   Filed 10/20/17   Page 10 of 10