```
 1                      UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK
 2

 3   ----------------------------------X
                                       :
 4   MARIA VECCHIO,                    :
                                       : 16-CV-05165 (ER)
 5                  Plaintiff,         :
                                       : October 24, 2017
 6             v.                      :
                                       : 500 Pearl Street
 7   QUEST DIAGNOSTICS INC., et al.,   : New York, New York
                                       :
 8                  Defendants.        :
     ----------------------------------X
 9
           TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
10              BEFORE THE HONORABLE KEVIN NATHANIEL FOX
                    UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13   For the Plaintiff:          PAUL MASLO, ESQ.
                                 Napoli Shkolnik PLLC
14                               400 Broad Hollow Road
                                 Melville, New York 11747
15

16
     For the Defendants:         ARTHUR ROONEY, ESQ.
17                               LAURA ZABELE, ESQ.
                                 Baker McKenzie
18                               300 East Randolph Drive

19                               Chicago, Illinois 60601

20

21   Court Transcriber:          SHARI RIEMER, CET-805
                                 TypeWrite Word Processing Service
22                               211 N. Milton Road
                                 Saratoga Springs, New York 12866
23

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

                                                                    2

1          THE CLERK:  Vecchio v. Quest Diagnostics, Inc., et
2    al., Case No. 16-CV-5165.  Counsel, please state your
3    appearance.
4          MR. MASLO:  Paul Maslo from Napoli Shkolnik on
5    behalf of plaintiffs.
6          MR. ROONEY:  Arthur Rooney and Laura Zabele from
7    Baker McKenzie on behalf of defendants.
8          THE COURT:  Good morning.  This is Judge Fox.
9          I apologize to you for the confusion this morning
10   about a scheduled conference.  There was a conference
11   scheduled and then a recent order went out scheduling a status
12   conference for February seemingly superceding today's
13   conference scheduled although no notice of that was given.
14         But, in any event, I'm interested in knowing how
15   things are progressing.
16         MR. MASLO:  Sure.  On plaintiff's side pursuant to
17   Your Honor's prior order we have since reached out and have
18   spoken to quite a few medical examiners across the country as
19   directed and have since filed our motion for conditional
20   certification of the FLSA collective, and we did that last
21   week.  So that's where we are now.
22         We've pretty much taken discovery I think on the
23   named plaintiff, at least document discovery on the named
24   plaintiff Vecchio, and thus far Quest has produced documents
25   related to Vecchio and also common company wide documents.  So

3

1  we're humming along and at this point I think it might be good
2  to discuss what we might want to do with the current discovery
3  schedule.  I mean the way these things usually work -- if our
4  motion for conditional certification were to get granted we
5  would have an opt-in period.  It could be two or three months.
6           I'm guessing based on the folks I've spoken to that
7  we could very well see well over 1,000 examiners opting into
8  this action and at that point at the end of the three-month
9  period the question becomes all these examiners who opted in
10 similarly situated and I think [inaudible] -- one, until we
11 know how many folks are even going to opt in to this action I
12 think it's tough to nail down a definitive discovery schedule.
13          THE COURT:  Well, everything is predicated on
14 whether a motion is granted.
15          MR. MASLO:  That's correct.  Correct.
16          THE COURT:  I think the prudent course is to await
17 that and then we go from there.
18          MR. MASLO:  Agreed.  I just wanted to [inaudible]
19 the issue.
20          THE COURT:  Whatever intelligence the parties, both
21 sides can bring then to the process would I think inform what
22 type of schedule is really appropriate.
23          I'm aware also that within the last week or so I
24 think it was that there were a number of counts that were
25 terminated narrowing the focus of the complaint to just a

1  couple of counts is my recollection.
2              MR. MASLO:  Correct.  We have since dropped the
3  claims -- the class action claims under Rule 23 based on the
4  New York Labor Code.  So this is now a straight FLSA action, a
5  straight collective action and no longer a hybrid/class
6  action.
7              THE COURT:  All right.  Let me ask your adversary if
8  there's a different view about awaiting the disposition on the
9  motion before having a more fulsome discussion about what
10 schedule going forward should look like.
11             MR. ROONEY:  I agree with Your Honor's comments and
12 with plaintiff's counsel's.  I guess the only -- I don't know
13 that timing on when the -- depending on the timing of when the
14 motion is granted or denied there's some of the dates that are
15 coming up.  For example, the -- by December 31st of this year
16 we're supposed to complete non expert depositions and we can
17 certainly complete the plaintiff's deposition and some others
18 by that date but if the case as plaintiff's counsel suggested,
19 if it involves a 1,000 -- if there's 1,000 opt-in plaintiffs
20 and the case is conditionally certified that December 31st
21 date for non expert depositions would -- might -- that would
22 obviously -- we would want to move that date and push it out
23 so we can take -- get written discovery from opt-in plaintiffs
24 and take depositions and my guess is plaintiff's counsel is
25 going to want additional depositions and written discovery and

5

1  document productions.  But that was the only date that was
2  coming up that I was concerned if -- if the motion will be
3  ruled on by that date.
4           THE COURT:  Well --
5           MR. MASLO:  I think also the expert report deadline
6  is mid-December.  With regard to taking discovery on even the
7  folks who recently opted in I mean I think the idea here is
8  to -- once we assume -- assuming our motion for conditional
9  certification is granted, assuming this goes forward as a
10 collective action to see how many folks opt in in total and
11 then to do a sampling of those people for those 10 percent or
12 20 percent.  Most collective actions you don't see discovery
13 being taken on every opt-in which would for the most part
14 defeat I think all the efficiencies you -- at least a great
15 deal of the efficiencies you reap from having a collective
16 action.
17          So I think until we have everyone opt-in, figure out
18 how many we have, and then out of that group figure out what
19 percentage we want to take discovery on I don't think we
20 should even go forward with regard to the -- even the most
21 recent plaintiffs, the 430 who have opted into this action.
22          THE COURT:  There are a host of milestone dates
23 coming up in the fall.  Of course these dates were fixed back
24 in the summertime in an order from July but -- so they'll be
25 coming and it doesn't seem to me that it makes a lot of sense

1  to stick with those milestone dates for the reasons we said a
2  few moments ago about what may happen with the motion and what
3  that determination will do in terms of informing the parties
4  about what you need to do to go forward.
5          Let me ask notwithstanding those milestone dates, is
6  there anything, any work that would be productive that can go
7  forward while you're continuing to wait for a determination on
8  the motion such that the case doesn't have to be in complete
9  limbo if there are productive things that can be done?
10         MR. MASLO:  I guess I think that to the extent
11 defendants want to depose named plaintiff at this point they
12 can do that.  We could do further discovery with regard to
13 named plaintiff.
14         To the extent defendants haven't produced all of
15 their company wide documents they could do that but my
16 impression is that Quest has already done that and we've asked
17 for the documents numerous times.
18         So beyond that I'm not sure that there is anything
19 that -- anything else we can be doing to move this case along.
20         MR. ROONEY:  From our standpoint, the named
21 plaintiff's deposition and certainly not the -- I agree that
22 at this point there's not a reason to -- we can't decide on a
23 sampling and we certainly don't want to depose the 440 opt-in
24 plaintiffs at this stage of the case if ever and we'll make a
25 more important decision once the court rules on the motion for

1  conditional certification but with the motion for conditional
2  certification plaintiffs attached 55 declarations of examiners
3  or potential class members in this case and so we -- we would
4  want to take the named plaintiff's deposition and then
5  certainly some of those declarant's depositions because those
6  declarations have been used for -- to support the motion for
7  conditional certification and to support plaintiff's
8  allegations in the case. So those declarants and the named
9  plaintiff are individuals we would be interested in deposing.
10           THE COURT:  So maybe the best course for me to take
11  is to issue a new order making clear that once the motion is
12  resolved that the parties can submit a proposed schedule for
13  the work that you have to do pretrial going forward from that
14  point for the decision of the motion.  That will give us some
15  flexibility and guidance in the circumstance that we find
16  ourselves because the action on the motion will determine a
17  course of conduct going forward.  Recognizing --
18           MR. MASLO:  That sounds like a good plan.
19           THE COURT:  Is there anything that hasn't been
20  touched upon that either party needs to raise before I release
21  you?
22           MR. MASLO:  Not from plaintiffs, Your Honor.
23           MR. ROONEY:  Not from defendant, Your Honor.
24           THE COURT:  All right.  Again, I apologize for the
25  confusion earlier this morning with the commencement of the

8

1  conference.  Thank you very much.  Good day.
2           MR. MASLO:  Thank you.
3                      * * * * *

9

1    I certify that the foregoing is a court transcript from
2 an electronic sound recording of the proceedings in the above-
3 entitled matter.

_____

6                       Shari Riemer, CET-805
7 Dated:  October 25, 2017