UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA VECCHIO, individually and on
behalf of all others similarly situated,

                              Plaintiff,

      -against-

QUEST DIAGNOSTICS INC.,
EXAMONE WORLD WIDE, INC., and
EXAMONE LLC,

                              Defendants.

Civil Action No. 1:16-cv-05165-ER-KNF

The Honorable Judge Edgardo Ramos
Magistrate Judge Kevin Nathaniel Fox

## <u>DECLARATION OF ARTHUR J. ROONEY</u>

Pursuant to 28. U.S.C. § 1746, I, Arthur J. Rooney, do hereby declare as follows:

1.      I am a partner with the law firm Baker & McKenzie LLP, attorneys for Defendants Quest Diagnostics Inc., ExamOne World Wide, Inc., and ExamOne LLC (collectively "Defendants") in the above-captioned case. I have personal knowledge of the statements set forth herein, except where otherwise indicated. I make this Declaration in support of Defendants' Motion for Decertification, which is filed contemporaneously herewith.

**I.      ExamOne Policies and Prcoedures.**

2.      Attached hereto as **Exhibit 1** are true and correct copies of excerpts from ExamOne's Standards and Protocols Manual for Examiners, which was produced by Defendants as QUEST002578-2590 during the course of this litigation and marked as an exhibit during the depositions of nearly all of the Opt-In Plaintiffs in this matter.

3.      Attached hereto as **Exhibit 2** are true and correct copies of excerpts from ExamOne's Examiner Communication For On-Call Employed Examiners, which was produced

by Defendants as QUEST000973-978 during the course of this litigation.

4.     Attached hereto as **Exhibit 3** are true and correct copies of excerpts from ExamOne's Employee Handbook Compensation Policies, which was produced by Plaintiff Maria Vecchio ("Plaintiff") as NS-Vecchio.Maria-000442-450 during the course of this litigation.

5.     Attached hereto as **Exhibit 4** is a true and correct copy of ExamOne's Expectations and Protocols for On-Call Examiners, which was produced by Defendants as QUEST001027-1028 during the course of this litigation.

6.     Attached here to as **Exhibit 5** is a true and correct copy of a PowerPoint presentation describing ExamOne's Workforce TeleTime program, which was produced by Defendants as QUEST000001-6 during the course of this litigation, and marked as an exhibit during the depositions of several Opt-In Plaintiffs in this matter.

7.     Attached hereto as **Exhibit 6** is a true and correct copy of Plaintiff's independent contractor agreement, which was produced by Defendants as QUEST000106-113 during the course of this litigation, and marked as Exhibit 1 during Plaintiff's deposition.

8.     Attached hereto as **Exhibit 7** is a true and correct copy of the offer letter of Maria Vecchio, which was produced by Defendants as QUEST003151-3153 during the course of this litigation, and marked as Exhibit 2 during Plaintiff's deposition.

9.     Attached hereto as **Exhibit 8** is a true and correct copy of an email dated May 31, 2016 from ExamOne Branch Manager Nicole McCartney to Mobile Examiners, which was produced by Defendants as QUEST009378 during the course of this litigation.

10.    Attached hereto as **Exhibit 9** is a true and correct copy of an email dated August 31, 2016 from ExamOne Branch Manager Barbara Wheeler to mobile examiners, which was produced by Plaintiff as NS_Mary.Hough_0000464-465 during the course of this litigation.

## II.     Depositions of ExamOne Employees.

11.     Attached hereto as **Exhibit 10** is a true and correct copy of referenced portions of the transcript of the June 26, 2019 deposition of Renee Cessner.

12.     Attached hereto as **Exhibit 11** is a true and correct copy of referenced portions of the transcript of the August 2, 2019 deposition of Danielle Dunbar.

13.     Attached hereto as **Exhibit 12** is a true and correct copy of referenced portions of the transcript of the June 5, 2019 deposition of Rick Kingcade.

14.     Attached hereto as **Exhibit 13** is a true and correct copy of referenced portions of the transcript of the August 5, 2019 deposition of Edwin Snider.

15.     Attached hereto as **Exhibit 14** is a true and correct copy of referenced portions of the transcript of the August 5, 2019 deposition of Jane Strohm.

16.     Attached hereto as **Exhibit 15** is a true and correct copy of referenced portions of the transcript of the June 6, 2019 deposition of Paul Walker.

## III.    Depositions of Maria Vecchio and Opt-In Plaintiffs.

17.     Attached hereto as **Exhibit 16** is a true and correct copy of referenced portions of the transcript of the February 22, 2019 deposition of Plaintiff.

18.     Attached hereto as **Exhibit 17** is a true and correct copy of referenced portions of the transcript of the October 9, 2019 deposition of Opt-In Plaintiff Tiffany Anderson.

19.     Attached hereto as **Exhibit 18** is a true and correct copy of referenced portions of the transcript of the September 20, 2019 deposition of Opt-In Plaintiff Cathleen Bourdoin.

20.     Attached hereto as **Exhibit 19** is a true and correct copy of referenced portions of the transcript of the May 16, 2019 deposition of Opt-In Plaintiff Sharen Branham.

21.     Attached hereto as **Exhibit 20** is a true and correct copy of referenced portions of

the transcript of the March 28, 2019 deposition of Opt-In Plaintiff Crystal Broady.

22.    Attached hereto as **Exhibit 21** is a true and correct copy of referenced portions of the transcript of the April 2, 2019 deposition of Opt-In Plaintiff Latrilla Cassey.

23.    Attached hereto as **Exhibit 22** is a true and correct copy of referenced portions of the transcript of the October 9, 2019 deposition of Opt-In Plaintiff Macheall Christion-Amador.

24.    Attached hereto as **Exhibit 23** is a true and correct copy of referenced portions of the transcript of the July 31, 2019 deposition of Opt-In Plaintiff Terry Clyde.

25.    Attached hereto as **Exhibit 24** is a true and correct copy of referenced portions of the transcript of the May 7, 2019 deposition of Opt-In Plaintiff Rut Contreras.

26.    Attached hereto as **Exhibit 25** is a true and correct copy of referenced portions of the transcript of the June 20, 2019 deposition of Opt-In Plaintiff Pamela Corpuz.

27.    Attached hereto as **Exhibit 26** is a true and correct copy of referenced portions of the transcript of the June 7, 2019 deposition of Opt-In Plaintiff Donita Craig.

28.    Attached hereto as **Exhibit 27** is a true and correct copy of referenced portions of the transcript of the May 10, 2019 deposition of Opt-In Plaintiff Sandra Davis.

29.    Attached hereto as **Exhibit 28** is a true and correct copy of referenced portions of the transcript of the September 26, 2019 deposition of Opt-In Plaintiff Maureen Dickinson.

30.    Attached hereto as **Exhibit 29** is a true and correct copy of referenced portions of the transcript of the July 17, 2019 deposition of Opt-In Plaintiff Lisa Dunn.

31.    Attached hereto as **Exhibit 30** is a true and correct copy of referenced portions of the transcript of the February 23, 2019 deposition of Opt-In Plaintiff Michelle Dunn.

32.    Attached hereto as **Exhibit 31** is a true and correct copy of referenced portions of the transcript of the April 2, 2019 deposition of Opt-In Plaintiff Eulanda Ellis.

33.     Attached hereto as **Exhibit 32** is a true and correct copy of referenced portions of the transcript of the May 8, 2019 deposition of Opt-In Plaintiff Cynthia Estep.

34.     Attached hereto as **Exhibit 33** is a true and correct copy of referenced portions of the transcript of the August 1, 2019 deposition of Opt-In Plaintiff Nancy Fagan.

35.     Attached hereto as **Exhibit 34** is a true and correct copy of referenced portions of the transcript of the June 14, 2019 deposition of Opt-In Plaintiff Martha Forshey.

36.     Attached hereto as **Exhibit 35** is a true and correct copy of referenced portions of the transcript of the May 9, 2019 deposition of Opt-In Plaintiff Christine Gee.

37.     Attached hereto as **Exhibit 36** is a true and correct copy of referenced portions of the transcript of the October 10, 2019 deposition of Opt-In Plaintiff Edwin Gonzalez.

38.     Attached hereto as **Exhibit 37** is a true and correct copy of referenced portions of the transcript of the June 13, 2019 deposition of Opt-In Plaintiff Carolyn Griggs.

39.     Attached hereto as **Exhibit 38** is a true and correct copy of referenced portions of the transcript of the February 26, 2019 deposition of Opt-In Plaintiff Alexis Harris.

40.     Attached hereto as **Exhibit 39** is a true and correct copy of referenced portions of the transcript of the June 20, 2019 deposition of Opt-In Plaintiff Leanne Hochstein.

41.     Attached hereto as **Exhibit 40** is a true and correct copy of referenced portions of the transcript of the May 10, 2019 deposition of Opt-In Plaintiff Terra Hollins.

42.     Attached hereto as **Exhibit 41** is a true and correct copy of referenced portions of the transcript of the March 13, 2019 deposition of Opt-In Plaintiff Mary Hough.

43.     Attached hereto as **Exhibit 42** is a true and correct copy of referenced portions of the transcript of the March 28, 2019 deposition of Opt-In Plaintiff Lisa Hughes.

44.     Attached hereto as **Exhibit 43** is a true and correct copy of referenced portions of

the transcript of the May 7, 2019 deposition of Opt-In Plaintiff Shelley Johnson.

45.     Attached hereto as **Exhibit 44** is a true and correct copy of referenced portions of the transcript of the July 3, 2019 deposition of Opt-In Plaintiff Kristin Johnson.

46.     Attached hereto as **Exhibit 45** is a true and correct copy of referenced portions of the transcript of the August 1, 2019 deposition of Opt-In Plaintiff Fatmata Kanu.

47.     Attached hereto as **Exhibit 46** is a true and correct copy of referenced portions of the transcript of the August 2, 2019 deposition of Opt-In Plaintiff Carol Kappenhagen.

48.     Attached hereto as **Exhibit 47** is a true and correct copy of referenced portions of the transcript of the May 16, 2019 deposition of Opt-In Plaintiff Felisa Knowles.

49.     Attached hereto as **Exhibit 48** is a true and correct copy of referenced portions of the transcript of the June 25, 2019 deposition of Opt-In Plaintiff JoAnn Kresko.

50.     Attached hereto as **Exhibit 49** is a true and correct copy of referenced portions of the transcript of the March 12, 2019 deposition of Opt-In Plaintiff Sallie Laurel.

51.     Attached hereto as **Exhibit 50** is a true and correct copy of referenced portions of the transcript of the July 16, 2019 deposition Opt-In Plaintiff Brenda Martin.

52.     Attached hereto as **Exhibit 51** is a true and correct copy of referenced portions of the transcript of the June 25, 2019 deposition of Opt-In Plaintiff Veronica Morrison.

53.     Attached hereto as **Exhibit 52** is a true and correct copy of referenced portions of the transcript of the July 11, 2019 deposition of Opt-In Plaintiff Dana M. Orange-Champion.

54.     Attached hereto as **Exhibit 53** is a true and correct copy of referenced portions of the transcript of the February 25, 2019 deposition of Opt-In Plaintiff Reshondra Parks.

55.     Attached hereto as **Exhibit 54** is a true and correct copy of referenced portions of the transcript of the October 10, 2019 deposition of Opt-In Plaintiff Thelma M. Pichon.

56.     Attached hereto as **Exhibit 55** s a true and correct copy of referenced portions of the transcript of the June 28, 2019 deposition of Opt-In Plaintiff Holly Pitzer.

57.     Attached hereto as **Exhibit 56** is a true and correct copy of referenced portions of the transcript of the March 28, 2019 deposition of Opt-In Plaintiff Kenneth Pomerantz.

58.     Attached hereto as **Exhibit 57** is a true and correct copy of referenced portions of the transcript of the May 16, 2019 deposition of Opt-In Plaintiff Carmella Pope.

59.     Attached hereto as **Exhibit 58** is a true and correct copy of referenced portions of the transcript of the August 22, 2019 deposition of Opt-In Plaintiff Jacqueline "Jackie" Ramirez.

60.     Attached hereto as **Exhibit 59** is a true and correct copy of referenced portions of the transcript of the June 7, 2019 deposition of Opt-In Plaintiff Marci Raso.

61.     Attached hereto as **Exhibit 60** is a true and correct copy of referenced portions of the transcript of the July 31, 2019 deposition of Opt-In Plaintiff Delanda Robertson.

62.     Attached hereto as **Exhibit 61** is a true and correct copy of referenced portions of the transcript of the September 19, 2019 deposition of Opt-In Plaintiff Bernadette Rodriguez.

63.     Attached hereto as **Exhibit 62** is a true and correct copy of referenced portions of the transcript of the September 26, 2019 deposition of Opt-In Plaintiff Ann Schaefer.

64.     Attached hereto as **Exhibit 63** is a true and correct copy of referenced portions of the transcript of the August 1, 2019 deposition of Opt-In Plaintiff Catherine Seemer.

65.     Attached hereto as **Exhibit 64** is a true and correct copy of referenced portions of the transcript of the June 7, 2019 deposition of Opt-In Plaintiff Ellora Jane Shelton.

66.     Attached hereto as **Exhibit 65** is a true and correct copy of referenced portions of the transcript of the June 27, 2019 deposition of Opt-In Plaintiff Teri Skelton.

67.     Attached hereto as **Exhibit 66** is a true and correct copy of referenced portions of

the transcript of the October 10, 2019 deposition of Opt-In Plaintiff Christina Garcia Soto.

68.     Attached hereto as **Exhibit 67** is a true and correct copy of referenced portions of the transcript of the September 26, 2019 deposition of Opt-In Plaintiff Brian Spadaro.

69.     Attached hereto as **Exhibit 68** is a true and correct copy of referenced portions of the transcript of the March 27, 2019 deposition of Opt-In Plaintiff Savanna Thomas.

70.     Attached hereto as **Exhibit 69** is a true and correct copy of referenced portions of the transcript of the June 11, 2019 deposition of Opt-In Plaintiff Candace Truett.

71.     Attached hereto as **Exhibit 70** is a true and correct copy of referenced portions of the transcript of the February 21, 2019 deposition of Opt-In Plaintiff Joel Validum.[1]

72.     Attached hereto as **Exhibit 71** is a true and correct copy of referenced portions of the transcript of the May 7, 2019 deposition of Opt-In Plaintiff Lisa M. Walton.

73.     Attached hereto as **Exhibit 72** is a true and correct copy of referenced portions of the transcript of the June 14, 2019 deposition of Opt-In Plaintiff Janet Wehrli.

74.     Attached hereto as **Exhibit 73** is a true and correct copy of referenced portions of the transcript of the April 1, 2019 deposition of Opt-In Plaintiff Kendra Whiteside-Fantroy.

75.     Attached hereto as **Exhibit 74** is a true and correct copy of referenced portions of the transcript of the April 1, 2019 deposition of Opt-In Plaintiff Brittany Wood.

**IV.     Summary Visuals of Plaintiffs' Deposition Testimony.**

76.     The charts referenced in the following paragraphs and the Tables appended to this Declaration catalogue certain provisions of the aforementioned Plaintiff's and Opt-In Plaintiffs' depositions.

---

[1] The deposition transcript incorrectly lists March 21, 2019 as the deposition date.

77.     These charts created at my direction by Baker & McKenzie attorneys and paralegals using the aforementioned deposition testimony.  These charts are visual representations of the average time estimates provided by each deposed Plaintiff for specific tasks related to their roles as Mobile Examiners.

78.     Where a deponent did not perform a certain exam, or was unable to provide an estimate, no bar is included next to the deponent's name.

79.     Appended hereto as **Table 1** is a chart showing the average time it took Plaintiffs to travel to the first exam of the day.  This chart is based solely on Plaintiffs' testimony.

80.     Appended hereto as **Table 2** is a chart showing the average time it took Plaintiffs to travel from one exam to the next exam.  This chart is based solely on Plaintiffs' testimony.

81.     Appended hereto as **Table 3** is a chart showing the average time it took Plaintiffs to complete a paramedical exam. This chart is based solely on Plaintiffs' testimony.

82.     Appended hereto as **Table 4** is a chart showing the average time it took Plaintiffs to complete a blood draw exam.  This chart is based solely on Plaintiffs' testimony.

83.     Appended hereto as **Table 5** is a chart showing the average time it took Plaintiffs to complete an echocardiogram ("EKG") exam.  This chart is based solely on Plaintiffs' testimony.

84.     Appended hereto as **Table 6** is a chart showing the average time it took Plaintiffs to complete a face-to-face long-term care exam.  This chart is based solely on Plaintiffs' testimony.

85.     Appended hereto as **Table 7** is a chart showing the average time it took Plaintiffs to complete an older age supplement exam.  This chart is based solely on Plaintiffs' testimony.

86.     Appended hereto as **Table 8** is a chart showing the average time it took Plaintiffs to complete physical measurements.  This chart is based solely on Plaintiffs' testimony.

87.     Appended hereto as **Table 9** is a chart showing the average time it took Plaintiffs

to complete a short form exam.  This chart is based solely on Plaintiffs' testimony.

88.     Appended hereto as **Table 10** is a chart showing the average time it took Plaintiffs to complete a urine collection.  This chart is based solely on Plaintiffs' testimony.

## V.     Additional Exhibits That Demonstrate That Decertification Is Proper.

89.     Attached hereto as **Exhibit 75** is a true and correct copy of the Declaration of former ExamOne employee Melody Brosnan, which was previously filed in this matter on November 20, 2017 and marked as ECF No. 554.

90.     Attached hereto as **Exhibit 76** is a true and correct copy of the original expert report of Plaintiff's expert, Dr. Stephanie Plancich ("Dr. Plancich"), dated September 9, 2019.  A copy of this document was produced during expert discovery by Plaintiff and marked as Exhibit 1 during Dr. Plancich's deposition.

91.     Attached hereto as **Exhibit 77** is a true and correct copy of the supplemental expert report of Dr. Plancich, dated December 18, 2019.  A copy of this document was produced during expert discovery by Plaintiff and marked as Exhibit 2 during Dr. Plancich's deposition.

92.     Attached hereto as **Exhibit 78** is a true and correct copy of referenced portions of the transcript of the January 15, 2020 deposition of Dr. Plancich.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of February, 2020, in Chicago, Illinois

_____
Arthur J. Rooney

**Table 1**

Average Travel: Home to First Appointment (in Minutes)
Anderson
Bourdoin
Branham
Broady
Cassey
Christion-Amador
Clyde
Contreras
Corpuz
Craig
Davis
Dickinson
Dunn
Dunn
Ellis
Estep
Fagan
Fantroy
Forshey
Gee
Gonzalez
Griggs
Harris
Hochstein
Hollins
Hough
Hughes
Johnson
Johnson
Kanu
Kappenhagen
Knowles
Kresko
Laurel
Martin
Morrison
Orange-Champion
Parks
Pichon
Pitzer
Pomerantz
Pope
Ramirez
Raso
Robertson
Rodriguez
Schaefer
Seemer
Shleton
Skelton
Soto
Spadaro
Thomas
Truett
Validum
Vecchio
Walton
Wehrli
Wood
0
20
40
60
80
100
120



**Table 2**

Average Travel: Between Appointments (in Minutes)
Anderson
Bourdoin
Branham
Broady
Cassey
Christion-Amador
Clyde
Contreras
Corpuz
Craig
Davis
Dickinson
Dunn
Dunn
Ellis
Estep
Fagan
Fantroy
Forshey
Gee
Gonzalez
Griggs
Harris
Hochstein
Hollins
Hough
Hughes
Johnson
Johnson
Kanu
Kappenhagen
Knowles
Kresko
Laurel
Martin
Morrison
Orange-Champion
Parks
Pitzer
Pomerantz
Pope
Ramirez
Raso
Robertson
Rodriguez
Schaefer
Seemer
Shleton
Skelton
Soto
Spadaro
Thomas
Truett
Validum
Vecchio
Walton
Wehrli
Wood
0
10
20
30
40
50
60
70
80
90
100



**Table 3**



**Table 4**



**Table 5**



**Table 6**



**Table 7**

Older Age Supplement (in Minutes)
Anderson
Bourdoin
Branham
Broady
Cassey
Christion-Amador
Clyde
Contreras
Corpuz
Craig
Davis
Dickinson
Dunn
Dunn
Ellis
Estep
Fagan
Fantroy
Forshey
Gee
Gonzalez
Griggs
Harris
Hochstein
Hollins
Hough
Hughes
Johnson
Johnson
Kanu
Kappenhagen
Knowles
Kresko
Laurel
Martin
Morrison
Orange-Champion
Parks
Pichon
Pitzer
Pomerantz
Pope
Ramirez
Raso
Robertson
Rodriguez
Schaefer
Seemer
Shleton
Skelton
Soto
Spadaro
Thomas
Truett
Validum
Vecchio
Walton
Wehrli
Wood
0
10
20
30
40
50
60
70
80
90
100



**Table 8**



Physical Measurements (in Minutes)

**Table 9**



Short Form (in Minutes)

**Table 10**



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 21, 2020, a copy of the foregoing *Declaration of Arthur J. Rooney* was filed with the Clerk of Court and served on all counsel of record via the Court's electronic case filing (CM/ECF) system.

<u>/s/ Arthur J. Rooney</u>