UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA VECCHIO, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

QUEST DIAGNOSTICS INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,

                Defendants.

Civil Action No. 1:16-cv-05165-ER-KNF

The Honorable Judge Edgardo Ramos
Magistrate Judge Kevin Nathaniel Fox

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendants Quest Diagnostics Inc., ExamOne World Wide, Inc., and ExamOne LLC (collectively "Defendants"), by and through their undersigned attorneys, move for partial summary judgment on Plaintiff Maria Vecchio's ("Plaintiff" or "Vecchio") minimum wage claim and the overtime claims asserted by 32 Opt-In Plaintiffs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et seq.*  In support of their Motion, Defendants state as follows:

### INTRODUCTION

From November 2013 to 2016, Vecchio worked for Defendants as a mobile examiner.  (*See* Statement of Material Facts.  ("SMF") ¶ 3.)  She was based out of Defendants' New York City office and primarily visited insurance customers at their homes or businesses to conduct physical examinations and basic lab work for the purposes of insurance eligibility.  (SMF ¶ 1.)  When she performed mobile exams, Defendants paid Vecchio a predetermined fee for each exam or appointment she completed.  (SMF ¶ 4.)  This fee covered any time spent associated with the exam (*e.g.*, time spent traveling to the customer, performing the exam, and completing paperwork at

home after the exam).  (SMF ¶ 5.)  In addition to performing mobile exams, Vecchio worked at the office and at health fairs.  (SMF ¶ 6.)  Defendants paid her an hourly rate for this work.  (*Id.*)

On June 29, 2016, Vecchio filed this putative collective action, asserting claims of unpaid minimum wage and overtime under the FLSA.  (ECF No. 1, Counts I, III.)[1]  On April 30, 2018, the Court granted Vecchio's request for conditional certification of her FLSA collective action.  (ECF No. 644.)  Ultimately, nearly 3,000 individuals opted into this lawsuit ("Opt-In Plaintiffs").  (SMF ¶ 7.)  The parties then completed fact and expert discovery, including the depositions of Vecchio and 58 Opt-In Plaintiffs.

Defendants now move for partial summary judgment for two reasons.  First, the evidence produced by Vecchio demonstrates that she never suffered any minimum wage violations under the FLSA.  Specifically, Vecchio asked her own expert witness, Dr. Stephanie Plancich, to opine on the validity of her minimum wage claim after reviewing her time, pay, and service records, as well as her deposition testimony.  (SMF ¶ 8.)  After performing this analysis, Dr. Plancich unequivocally concluded that Vecchio did not have any federal minimum wage violations while she worked for the Defendants.  (SMF ¶¶ 9-12.)  Put differently, the only evidence offered by Vecchio to support her claim actually rebuts it.  Defendants are therefore entitled to summary judgment on her minimum wage claim.

Second, 32[2] of the 58 Opt-In Plaintiffs who were deposed either testified that they never worked more than 40 hours in a workweek or that they could not recall ever doing so.  (SMF ¶¶

---

[1] Vecchio's Complaint originally included wage claims under both the FLSA and New York law.  Because she voluntarily dismissed her state law claims, this action is brought exclusively under the FLSA.

[2] These Opt-In Plaintiffs are: Tiffany Anderson, Crystal Broady, Macheall Christion-Amador, Terry Clyde, Rut Contreras, Donita Craig, Sandra Davis, Maureen Dickinson, Lisa Dunn, Michelle Dunn, Nancy Fagan, Kendra Whiteside Fantroy, Christine Gee, Edwin Gonzalez, Alexis Harris, Mary Hough, Felisa Knowles, JoAnn Kresko, Sallie Laurel, Brenda Martin, Veronica Morrison, Reshondra Parks, Thelma Pichon, Holly Pitzer, Carmella Pope, Marci Raso, Delanda Robertson, Bernadette Rodriguez, Ann Schaefer, Savanna Thomas, Candace Truett, and Brittany Wood.

13-44.) Since these individuals have no memory or evidence of ever working more than 40 hours in a workweek, they cannot pursue claims for unpaid overtime under the FLSA. As a result, the overtime claims of these 32 Opt-In Plaintiffs cannot survive summary judgment.

In sum, summary judgment should be granted in Defendants' favor on Vecchio's minimum wage claim and the overtime claims of 32 Opt-In Plaintiffs. Not only did Vecchio and these Opt-In Plaintiffs fail to offer evidence to support their claims, but they also affirmatively presented evidence showing their claims are without merit.

## SUMMARY OF UNDISPUTED MATERIAL FACTS

Pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1 of this Court, the undisputed and material facts relevant to the Court's determination of Defendants' Partial Motion for Summary Judgment are set forth in the Local Rule 56.1 Statement of Undisputed Material Facts in Support of Defendants' Notice of Partial Motion for Summary Judgment simultaneously submitted with this memorandum and are discussed in detail within the arguments set forth herein.

## ARGUMENT

**I.     Legal Standard**

Summary judgment is appropriate to dispose of meritless claims before engaging in a costly trial. *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (summary judgment is designed to secure the just, speedy and inexpensive determination of every action). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Yourman v. Guiliani*, 229 F.3d 124, 131 (2d Cir. 2000). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Giordano v. City of New York*, 274 F.3d 740, 746 (2d Cir. 2001), *quoting Anderson v. Liberty Lobby Inc.*,

477 U.S. 242, 248 (1986).  An issue of fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 746-47.

## II. Defendants Are Entitled To Summary Judgment On Vecchio's Minimum Wage Claim Because It Is Contradicted By Her Own Evidence.

In her Complaint, Vecchio alleges Defendants "willfully failed and refused to pay Plaintiff the federal minimum wages required by the FLSA." (ECF No. 1, ¶ 158, Count I.)  To survive summary judgment, Vecchio must create an issue of material fact that Defendants did not pay her minimum wage in violation of the FLSA.  This she has not, and cannot, do.

Under the FLSA, an employee must be paid at least minimum wage.  29 U.S.C. § 206(a). To establish a claim for unpaid wages, a plaintiff must prove that she performed work for which she was not properly compensated.  *Id.*; *see also Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 361 (2d Cir. 2011) (explaining that the initial burden of proof is on the plaintiff).

Despite Vecchio's self-serving allegation that Defendants failed to pay her the federal minimum wages required by the FLSA (ECF No. 1, ¶ 158), Plaintiff's expert witness opined otherwise.  In her original expert report and declaration, Dr. Plancich stated:  "Ms. Vecchio does not have Federal minimum wage violations."  (SMF ¶ 9.)  When asked to testify about her findings, Dr. Plancich again conceded that she did not find any federal minimum wage claims for Vecchio:

> Q. Under the methodology[3] and assumptions you used in your original declaration, do you agree that Maria Vecchio did not have federal minimum wage violations?
>
> […]
>
> A. I did not calculate any federal minimum wage violations.  By which I mean I did not calculate any weeks in which your effective rate was lower than the federal minimum.

---

[3] Defendants do not concede the validity or soundness of Plaintiff's expert's methodology or assumptions; however, viewing the evidence in the light most favorable to Vecchio – the non-moving party – Defendants acknowledge Dr. Plancich's methodology solely for the purposes of this Motion.

> Q. So put differently, under your original declaration and the methodology used in your declaration Ms. Vecchio did not have any federal minimum wage violations, correct?
>
> A. That is what the calculation showed, yes, using the formulas as described in the report.

(SMF ¶ 10.)

Although Dr. Plancich submitted a supplemental declaration, her opinion of Vecchio's minimum wage claims – or lack thereof – did not change. Again, she stated: "Maria Vecchio had no Federal minimum wage violations." (SMF ¶ 11.) She also admitted this finding at her deposition:

> Q. In your supplemental declaration, did you find any minimum wage violations for Ms. Vecchio?
>
> A. No.
>
> Q. At any point when you were running the numbers under your methodology, did you find a minimum wage violation for Ms. Vecchio?
>
> A. To the best of my recollection, there is no federal minimum wage violation for Ms. Vecchio.

(SMF ¶ 12.)

> Q. If plaintiff Maria Vecchio claims that she had minimum wage violations, it is your opinion that she is wrong?
>
> A. Under this methodology that I have put forward and with the data I have in hand, I don't find any minimum wage violations for Ms. Vecchio.

(*Id.*)

This undisputed evidence clearly demonstrates that Vecchio has not, and cannot, meet her burden of proof for her minimum wage FLSA claim. Vecchio cannot create a genuine issue of material fact on her minimum wage claim when her own expert unequivocally opined that, based on the evidence in this lawsuit, Vecchio was not paid less than minimum wage. Thus, Vecchio's minimum wage claim fails as a matter of law.

### III. Defendants Are Entitled To Summary Judgment On The Overtime Claims Of 32 Opt-In Plaintiffs.

Vecchio also alleges that she and a class of current and former mobile examiners employed by Defendants were regularly required to work in excess of 40 hours per week but were not paid overtime for this work. (ECF No. 1, ¶ 127, Count III.) At least 32 of the 58 Opt-In Plaintiffs who were deposed in this action, however, cannot meet their burden of proof on this claim.

The FLSA requires employers to pay overtime compensation to employees who work more than 40 hours in a workweek. 29 U.S.C. § 207. To establish a claim for unpaid overtime, a plaintiff has the burden of proving that he "performed work for which he was not properly compensated." *Kuebel*, 643 F.3d at 361. Needless to say, plaintiffs pursing claims for unpaid overtime must first show that they actually worked more than 40 hours in a week. *See Barry v. Town of Elma*, No. 02-344, 2005 U.S. Dist. LEXIS 5548, *5-6 (E.D.N.Y. Mar. 25 2005) ("In an action to recover unpaid overtime wages under the FLSA, a plaintiff must show that: (1) he was an employee who was eligible for overtime (i.e., not exempt from the Act's overtime pay requirements); and (2) that he actually worked overtime hours for which he was not compensated."). Yet 32 of the Opt-In Plaintiffs testified that they either never worked overtime hours or could not recall doing so.

Specifically, their sworn testimony reflects the following: 28 Opt-In Plaintiffs answered "no" when asked if they had ever worked more than 40 hours in a week while employed by Defendants. (SMF ¶¶ 13-39, 44.) For example, when asked if she was ever scheduled to work more than 40 hours a week, Opt-In Plaintiff Delanda Robinson answered "never." (SMF ¶ 35.) Opt-In Holly Pitzer testified that she "didn't allow" her schedule to reach more than 40 hours a week. (SMF ¶ 40.) Similarly, several Opt-In Plaintiffs conceded that they worked part-time for Defendants and nowhere near 40 hours per week:

| | |
|---|---|
| Q. | Would you be able to give me an estimate of the range of hours you worked per week for ExamOne[4]? |
| A. | […] Maybe about 10 hours, 10 to 15 hours. |
| Q. | 10 to 15 hours per week? |
| A. | You're including just from start to finish, like preparing for an exam, going to see the client, and then the packaging? |
| Q. | Correct. |
| A. | Okay. So then – yeah, I would say about – anywhere from 10 to 20, I guess. |
| Q. | 10 to 20 hours per week? |
| A. | Per week. |

(*See* SMF ¶ 23.).

| | |
|---|---|
| Q. | …did you ever perform more than 40 hours a week? |
| A. | I imagine I did. No. Wait a minute. No. I could not have done that. I could not have because I had my other job. So the answer would be no. |
| Q. | Earlier we talked about pre-exam work, post-exam work, in addition to the time spent at the applicant's home. Counting all of those things, did you ever work more than 40 hours a week for ExamOne? |
| A. | Okay. Based on the times that I've given you, I would say that I did not. |

(*See* SMF ¶ 30.)

| | |
|---|---|
| Q. | So you have always worked part time for ExamOne? |
| A. | Yes. |
| Q. | Have you ever worked more than 40 hours in a week for ExamOne? |
| A. | No. |
| Q. | Can you estimate approximately how many hours a week you work for ExamOne? |
| A. | Anywhere from four to 20 hours per week, and if it is 20 hours, they are company health fairs. |

---

[4] During depositions, Defendants were collectively referred to as "ExamOne."

7

(*See* SMF ¶ 33.)

Four more Opt-In Plaintiffs could not recall whether they ever worked overtime for Defendants or whether they were ever entitled to overtime. *See, e.g.,* SMF ¶ 44, Deposition of S. Thomas ("Q. Did you ever work more than 40 hours in a week for ExamOne? A. I couldn't recall."). Having failed to accomplish even this most basic requirement, these 32 Opt-In Plaintiffs cannot survive summary judgment on their claims for unpaid overtime in violation of the FLSA. Accordingly, summary judgment should be granted on each FLSA unpaid overtime claim for each of the 32 Opt-In Plaintiffs.

## CONCLUSION

For all of these reasons, Defendants Quest Diagnostics Inc., ExamOne World Wide, Inc., and ExamOne LLC respectfully request that this Court grant their Partial Motion for Summary Judgment and grant any further relief that it deems just.

New York, New York
Dated: February 21, 2020.                    Respectfully submitted,


                                             */s/ Arthur J. Rooney*

                                             Arthur J. Rooney (admitted *pro hac vice*)
                                             **BAKER & MCKENZIE, LLP**
                                             300 E. Randolph St., Suite 5000
                                             Chicago, Illinois 60601
                                             + 1 312 861 8000
                                             + 1 312 861 2899 (facsimile)
                                             arthur.rooney@bakermckenzie.com

                                             Robert P. Lewis (RL-6321)
                                             **BAKER & MCKENZIE, LLP**
                                             452 Fifth Avenue
                                             New York, NY 10018
                                             + 1 212 626 4100
                                             + 1 212 310 1600 (facsimile)
                                             robert.lewis@bakermckenzie.com

                                             *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2020, a copy of the foregoing *Memorandum of Law in Support of Defendants' Partial Motion for Summary Judgment* was filed with the Clerk of Court and served on all counsel of record via the Court's electronic case filing (CM/ECF) system.

/s/ Arthur J. Rooney