**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIA VECCHIO, individually, and on behalf of all others similarly-situated,<br><br>     Plaintiff,<br><br> v.<br><br>QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,<br><br><br>     Defendants. | Civil Action No.: 1:16-cv-05165-ER-KNF |
| MARIA VECCHIO, individually, and on behalf of all others similarly-situated,<br><br>     Plaintiff,<br><br> v.<br><br>QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,<br><br><br>     Defendants. | Civil Action No.: 1:19-cv-0594-ER |

## <u>JOINT STIPULATION OF SETTLEMENT AND RELEASE</u>

This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Plaintiff (as hereinafter defined) and the Class of individuals that she represents (as hereinafter defined and all together the "Plaintiffs") and Defendants (as hereinafter defined) (together with the Plaintiffs, the "Parties").

**1. DEFINITIONS**

The defined terms set forth herein shall have the meanings ascribed to them below.

**1.1 Agreement.** "Agreement" shall mean this Joint Stipulation of Settlement and Release.

1.2 **Claimant.** "Claimant" shall mean each Plaintiff (as hereinafter defined) who signs this Agreement, and any "Eligible Class Member" (as hereinafter defined) who negotiates/redeems/cashes an "Individual Settlement Payment" (as hereinafter defined) within the "Payment Negotiation Deadline" (as hereinafter defined) in accordance with Section 4.4 of this Agreement.

1.3 **Class; Settlement Class.** "Class" or "Settlement Class" shall mean all persons who (a) contracted or otherwise arranged with any Defendant or any related or affiliated entity to perform services as a Mobile Examiner (b) in New York at any time between June 29, 2010 and the date of the Preliminary Approval Order or (c) in any other state, territory or locality in the United States at any time between June 29, 2010 and the date of Preliminary Approval Order. For purposes of this Settlement only, the parties stipulate that the Class meets the requirements of Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b), and Plaintiffs will move for class and collective certification under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b), for settlement purposes only, together with their motions for Preliminary Approval and/or Final Approval.

1.4 **Class Counsel.** "Class Counsel" shall mean Napoli Shkolnik PLLC.

1.5 **Class Counsel Fees Payment.** "Class Counsel Fees Payment" shall mean the amounts awarded to Class Counsel by the Court as their attorneys' fees incurred in connection with the "FLSA Litigation" (as hereinafter defined) and "NY Law Litigation" (as hereinafter defined), including fees incurred in their pre-filing investigation, their filing of the FLSA Litigation and NY Law Litigation and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

1.6 **Class Counsel Litigation Expenses Payment.** "Class Counsel Litigation Expenses Payment" shall mean the amounts awarded to Class Counsel by the Court to compensate them for expenses and/or costs actually incurred in connection with the FLSA Litigation and the NY Law Litigation, including their pre-filing investigation, their filing of the FLSA Litigation and the NY Law Litigation, and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

1.7 **Class Member.** "Class Member" shall mean an individual who is a member of the Class or Settlement Class.

1.8 **Class Notice.** "Class Notice" shall mean the Notice of Proposed Settlement, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, which is attached hereto as Exhibit B, and incorporated by reference into this Agreement.

1.9 **Class Representative Service Award.** "Class Representative Service Award" shall mean the additional payment made to each Named Plaintiff in her capacity as Class Representative to compensate her for initiating the FLSA Litigation and the NY Law Litigation, and performing work in support of the FLSA Litigation and the NY Law Litigation.

1.10 **Court.** "Court" shall mean the United States District Court for the Southern District of New York.

**1.11**    **Covered Periods.**  "NY Covered Period" for purposes of the NY Law Litigation and for Class Members who contracted or otherwise arranged with any Defendant or any related or affiliated entity to perform services as a Mobile Examiner in New York shall mean any time between June 29, 2010 and the date of Preliminary Approval of the Settlement by the Court.  "FLSA Covered Period" for purposes of the FLSA Litigation for Class Members who contracted or otherwise arranged with any Defendant or any related or affiliated entity to perform services as a Mobile Examiner in any other state, territory or locality in the United States shall mean any time between June 29, 2010 and the date of Preliminary Approval of the Settlement by the Court.

**1.12**    **Defendants.**  "Defendants" shall mean QUEST DIAGNOSTICS INCORPORATED (incorrectly named QUEST DIAGNOSTICS, INC.), EXAMONE WORLD WIDE, INC., and EXAMONE LLC.

**1.13**    **Defendants' Counsel.**  "Defendants' Counsel" shall mean Epstein Becker Green, P.C.

**1.14**    **Effective Date.**  "Effective Date" shall mean the date on which all of the following have occurred: (a) the date which the Court grants final approval of the Settlement if no Class Members file objections to the Settlement; (b) if a Class member files an objection to the Settlement, the Effective Date shall be the date sixty (60) calendar days after the date upon which the Court grants final approval of the Settlement if no appeal is initiated by an objector; or (c) if an appeal, review or writ is sought from the order of approval, the day after the order of approval is affirmed or the appeal, review or writ is dismissed or denied, and the order is no longer subject to further judicial review.  Prior to the Effective Date of the Settlement, Defendants will not be required to fund the Settlement, in whole or in part, through the Settlement Administrator or any third party.

**1.15**    **Eligible Class Member.**  "Eligible Class Member" shall mean a Class Member who does not opt-out in the manner prescribed in Section 3.6 of this Agreement.

**1.16**    **Final Approval Hearing.**  "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

**1.17**    **FLSA Litigation.**  "FLSA Litigation" shall mean *VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC*, Civil Action No. 1:16-cv-05165-ER-KNF, pending in the United States District Court for the Southern District of New York.

**1.18**    **Gross Settlement Fund.**  "Gross Settlement Fund" shall mean the gross amount of up to One Million, One Hundred Thousand Dollars and Zero Cents ($1,100,000.00).  The Gross Settlement Fund covers and includes all wage and hour claims asserted or that could have been asserted in the FLSA Litigation (as amended) and the New York Law Litigation of all Settlement Class Members, including all claims under the FLSA and claims under the wage and hour laws of all states, territories or localities in which Settlement Class Members work(ed), and all attorneys' fees and expenses of Plaintiffs' counsel, service awards, and the expenses of the settlement administrator.  The Gross

Settlement Fund does not include employer side payroll taxes, which will be paid by Defendants separately.

**1.19**   **Individual Settlement Payment; Base Award.**  "Individual Settlement Payment" and "Base Award" shall mean each Class Member's share of the "Net Settlement Fund" (as hereinafter defined), as calculated pursuant to Section 4.4 of this Agreement, pursuant to the allocations set forth in the table ("Individual Settlement Amount Table") that will be provided by counsel for the Parties to the Settlement Administrator.

**1.20**   **NY Law Litigation.**  "NY Law Litigation" shall mean *VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC*, Civil Action No. 1:19-cv-05194-ER, pending in the United States District Court for the Southern District of New York.

**1.21**   **Net Settlement Fund.**  "Net Settlement Fund" shall mean the remainder of the Gross Settlement Fund after deductions for Court-approved attorneys' fees and costs as described in Section 4.2, Court-approved service payment to the Plaintiff as described in Section 4.3, settlement administration costs, as described in Section 3.1, any fees or taxes associated with investing and liquidating the "Settlement Payment" (as hereinafter defined) as described in Section 4.1, and any "Unclaimed Funds" (as hereinafter defined).

**1.22**   **Order Granting Final Approval.**  "Order Granting Final Approval," "Final Approval Order," "Final Order and Judgment," "Final Approval," and "Final Order" shall all mean the final Order, entered by the Court after the Fairness Hearing, *inter alia*, authorizing distribution of payments under this Agreement, dismissing the FLSA Litigation and the NY Law Litigation with prejudice, and entering Judgment of Dismissal pursuant to this Agreement and in accordance with Fed. R. Civ. P. 58.

**1.23**   **Order Granting Preliminary Approval.**  "Order Granting Preliminary Approval," "Preliminary Approval Order," or "Preliminary Approval" shall mean the Order, preferably in the form attached as Exhibit C, entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing Notice to the Class, the time period for opt-outs and objections and scheduling the Fairness Hearing.

**1.24**   **Payment Negotiation Deadline.**  "Payment Negotiation Deadline" and "Check Cashing Deadline" shall mean the date that is ninety (90) calendar days after the Settlement Administrator mails the Individual Settlement Payments to Class Members pursuant to Section 3.4 of this Agreement.  If the Payment Negotiation Deadline falls on a Saturday, Sunday, or holiday, the Payment Negotiation Deadline will be the next business day that is not a Saturday, Sunday, or holiday.

**1.25**   **Plaintiffs.**  "Plaintiffs" shall refer to the named Plaintiff in the FLSA Litigation and the NY Law Litigation, Maria Vecchio, and any other Eligible Class Member who signs this agreement, and shall also include any and all of their representatives, heirs, administrators, executors, beneficiaries, agents, and assigns, as applicable and without limitation.

4

1.26   **Reserve Fund.**  "Reserve Fund" shall mean the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00), that will be established from the Gross Settlement Fund in order to account for any errors.  Any remaining amounts in the Reserve Fund will be distributed to Settlement Class Members and not revert to Defendants.

1.27   **Settlement**.  "Settlement" means the proposed settlement reflected in this Agreement, subject to the Court's approval, entered into by the Parties to resolve the FLSA Litigation and the NY Law Litigation on behalf of Plaintiff, Class Members, and Defendants as set forth in this Agreement.

1.28   **Settlement Administrator.**  "Settlement Administrator" shall mean Angeion Group, the entity selected by Plaintiff to administer the Settlement, subject to approval by the Court.

1.29   **Settlement Fund**.  The "Settlement Fund" shall be One Million, One Hundred Thousand Dollars and Zero Cents ($1,100,000.00).  Other than an amount up to the $1,100,000 Settlement Fund, Defendants shall have no obligation to pay any other amount under this Agreement.  The Settlement Fund will be deposited with the Settlement Administrator, which the Settlement Administrator will then deposit in a FDIC insured interest-bearing account(s) created and controlled by the Settlement Administrator and will be established as a qualified settlement fund ("QSF") under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, et seq.

1.30   **Settlement Payment.**  "Settlement Payment" shall mean the sum of the Individual Settlement Payments, the amount awarded by the Court for attorney fees and costs, Settlement Administrator fees and costs and any Service Award pursuant to Section 4.3 of this Agreement.  Any Settlement Payment check that is not cashed after the expiration of ninety (90) days following issuance of checks shall be void and the funds shall revert to Defendants.

1.31   **Unclaimed Funds.** "Unclaimed Funds" shall mean the aggregate amount of any uncashed checks representing Individual Payment Amounts to Class Members that are not cashed after the expiration of one hundred and twenty (120) days following issuance of checks plus any other amount of the Net Settlement Fund that is not distributed.  Any checks not cashed shall be void and any Unclaimed Funds shall revert to Defendants.

2.   **RECITALS**

2.1   On June 29, 2016, Plaintiff filed the FLSA Litigation, a Class Action and Collective Action Complaint against Defendants, alleging, *inter alia,* class claims under New York State wage and hour laws, as well as collective claims under the Fair Labor Standards Act ("FLSA"), and has sought recovery of, among other things, allegedly unpaid employee benefits, minimum and overtime wages, penalties, liquidated damages, and attorneys' fees and costs.

2.2   On April 9, 2019, Plaintiff filed the NY Law Litigation, a Class Action and Collective Action Complaint against Defendants under the New York Labor Law asserting, *inter alia,* class claims under New York state wage and hour laws, and sought recovery of,

among other things, allegedly unpaid employee benefits, minimum and overtime wages, penalties, liquidated damages, and attorneys' fees and costs.

2.3    The Parties engaged in private mediation with the assistance of Marc Isserles, of JAMS (the "Mediator") including holding a mediation on December 17, 2020 through February 4, 2021, and have worked diligently to reach a fair resolution of the claims in the FLSA Litigation and the NY Law Litigation.

2.4    The Parties agree that within ten (10) days of the execution of this Agreement, Class Counsel will seek leave to file an amended complaint that comports with the terms of this Agreement.  Prior to filing, Class Counsel will share a copy of the proposed amended complaint with Defendants' Counsel for their review and comment, and will make best efforts to accept any reasonable edits and comments that are consistent with the terms of this Agreement.

2.5    Defendants have denied and continue to deny all of the allegations made by Plaintiffs in the FLSA Litigation and the NY Law Litigation and have denied and continue to deny that they are liable or owe damages or any other form of relief or recovery to Plaintiffs or to anyone else with respect to the alleged facts or causes of action asserted in the FLSA Litigation and the NY Law Litigation.  Without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the FLSA Litigation, the NY Law Litigation and all claims under the wage and hour laws of all states, territories or localities in which Settlement Class Members work(ed) on the terms and conditions set forth in this Agreement, to avoid the burden, expense, risks and uncertainty of continuing the FLSA Litigation and the NY Law Litigation.

2.6    Class Counsel has conducted significant discovery, including but not limited to interviewing Plaintiffs and Class Members, reviewing and analyzing thousands of pages of documents produced by Defendants, deposing approximately fifty (50) Class Members including the Named Plaintiff, and with the aid of an expert reviewing materials and data produced by Defendants.  Class Counsel has analyzed and evaluated the merits of the claims against Defendants in the FLSA Litigation, the NY Law Litigation and all claims under the wage and hour laws of all states, territories or localities in which Settlement Class Members work(ed), the various legal defenses of Defendants, and the impact of this Agreement on Plaintiffs and the Class (as hereinafter defined).  Based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation with respect to certain claims, including the possibility that the FLSA Litigation and the NY Law Litigation, if not settled now, might result in a recovery that is less favorable to the Class, and that would not occur for several years, or at all, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class.

2.7    In consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the FLSA Litigation and the NY Law Litigation on the terms and conditions set forth in this Agreement.

3.      **APPROVAL AND CLASS NOTICE**

3.1     **Retention of Settlement Administrator.**  The Settlement Administrator selected by
        Plaintiff shall be responsible for the claims administration process and distributions to
        Eligible Class Members as provided herein, as well as for making any mailings required
        under this Agreement and providing any other services described in this Agreement.  The
        Parties agree to cooperate with the Settlement Administrator and assist it in any way
        possible in administering the Settlement.  The Settlement Administrator's fees and
        expenses, in the amount not to exceed Forty-Five Thousand Dollars and Zero Cents
        ($45,000.00), shall be paid from the Settlement Fund.  If the fees and costs exceed
        $45,000.00 they will be reviewed by Class Counsel and Defendants' Counsel and be paid
        only if neither makes an objection within ten (10) days of submission by the Settlement
        Administrator.

3.2     **Cooperation for Settlement Approval.**  The Parties will work together, diligently and in
        good faith, to obtain expeditiously an Order Granting Preliminary Approval, Order
        Granting Final Approval, and Judgment of Dismissal.

3.3     **Certification of Class and Collective for Purposes of Settlement Only.**

        (A)     For purposes of this Settlement only, the Parties stipulate that the Court may
                certify the Class as an opt-out class action under Rule 23(b)(3) of the Federal
                Rules of Civil Procedure (the "Class Stipulation").  More specifically, the Parties
                agree as part of the Class Stipulation that, for settlement purposes only, the
                requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied,
                with the exception of the manageability requirement of Federal Rule of Civil
                Procedure 23(b)(3) that the Court need not address for purposes of settlement.

        (B)     For purposes of this Settlement only, the Parties also stipulate that all Class
                Members are similarly situated within the meaning of Section 16(b) of the FLSA,
                29 U.S.C. § 216(b) (the "FLSA Stipulation"), irrespective of the state, territory or
                locality in which they worked.

        (C)     The Class Stipulation and FLSA Stipulation are made solely for purposes of this
                Settlement.  The Class Stipulation and FLSA Stipulation are in no way an
                admission that class or collective certification is proper under the more stringent
                litigation certification standard that requires a showing of, *inter alia*,
                manageability, that certification requirements would be established by further
                discovery, or that decertification of the class or collective action would not be
                warranted after additional discovery.

        (D)     The existence and terms of this Settlement, this Agreement, the Class Stipulation,
                and the FLSA Stipulation shall not be admissible in this or any other action or
                proceeding for any purpose other than to enforce the terms of the releases herein,
                including as evidence that (i) the proposed Class or any other class should be
                certified or not decertified; (ii) the FLSA Litigation, the NY Law Litigation, any
                action asserting claims under the wage and hour laws of any state, territory or

7

locality in which Settlement Class Members work(ed), or any other action should be certified as a class or collective action or not decertified; (iii) Defendants or the Released Parties are or are not liable to Plaintiffs, the proposed Class, or any other putative class or collective action class members; or (iv) the amounts that Plaintiff, the Proposed Class, or any other putative class or collective action members could have recovered absent this settlement equal the Individual Settlement Payments or the Settlement Payment.

3.4    **Preliminary Approval by the Court.**  On or before sixty (60) calendar days following the last date on which all of the Parties have executed this Agreement, Plaintiff will submit to the Court a Motion for an Order Conditionally Certifying the Class and Collective and Preliminarily Approving the Class and Collective Action Settlement ("Preliminary Approval Motion") for settlement purposes only.  A draft of the Preliminary Approval Motion was provided to Defendants for review and comment at least ten (10) calendar days prior to filing with the Court, and Plaintiffs have made best efforts to accept Defendants' reasonable comments.  In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things, (a) the proposed Notice which is appended hereto as Exhibit B, (b) a proposed Order Granting Preliminary Approval which is appended hereto as Exhibit C, and (c) an allocation formula that will be used to calculate the Individual Settlement Payments appended hereto as Exhibit D.  The Preliminary Approval Motion will seek preliminary approval of this Agreement as fair, reasonable and adequate; approval of the Notice; and the setting of dates for opt-outs, objections and comments, a Fairness Hearing, and the Payment Negotiation Deadline.  Defendants will not oppose the Preliminary Approval Motion.

3.5    **Class Notice**

(A)    Within ten (10) calendar days of the date of the Order Granting Preliminary Approval, Defendants will provide the Settlement Administrator with a list (the "Class List"), in electronic form, of each Class Member's name, last known mailing address (if available to Defendants), personal (*i.e.*, not Quest or ExamOne) e-mail address (if available to Defendants), telephone number (including cell phone number, if available to Defendants) and social security number or federal ID tax number (if available to Defendants).  If necessary to resolve a question raised by a Class Member, or to otherwise provide individual advice to a Class Member, upon request by Class Counsel, and upon receiving consent from Defendants, Defendants' Counsel and/or the Settlement Administrator will provide Class Counsel with the full contact information of such individual Class Member that is available to Defendants.  Any information disclosed to Class Counsel pursuant to this subparagraph, including the names of the individual class members and the list containing those names, shall be used solely for purposes of the administration of this Settlement and shall not be disclosed or used for any other purpose or in any other matter without the written consent of Defendants.

(B)    Prior to mailing the Notice, the Settlement Administrator will update the addresses for those on the Class List using reasonable skip tracing techniques.

(C)     Within ten (10) calendar days after receiving the Class List, and within twenty (20) days of the Court's Preliminary Approval Order, the Settlement Administrator shall distribute the Notice via First Class United States mail, postage prepaid, to each Class Member.  The Notice shall inform each Class Member of his/her rights under this Agreement, including that: (1) Class Members will release their claims under the FLSA and applicable state, territorial or local law claims and be bound by the Settlement if they negotiate/redeem their settlement checks representing their Individual Settlement Payments; (2) Class Members who choose to do nothing (*i.e.*, do not opt-out and do not negotiate a settlement check) will not release any FLSA claims, but the Notice shall provide that a Class Member will release all claims under the New York State Labor Law and any other state, territorial or local law related to wages or any other benefits due against Defendants and all other claims that were asserted or could have been asserted, and will be bound by the Settlement unless they opt-out of the Settlement in the manner prescribed in Section 3.6 of this Agreement; (3) Class Members who opt-out of the Settlement will not receive their Individual Settlement Payment.

(D)     If a Class Member's Notice is returned as undeliverable, the Settlement Administrator shall e-mail the Class Member if his/her e-mail address was included on the Class List to seek a new address.  In addition, for all Notices returned as undeliverable, the Settlement Administrator shall forward them to any forwarding addresses provided by the U.S. Postal Service.  If no such forwarding address is provided, the Settlement Administrator shall use skip tracing techniques to attempt to obtain the most recent address for these Class Members. The Settlement Administrator shall notify Class Counsel and Defendants' Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice returned as undeliverable after any subsequent mailing as set forth in this Agreement, within seven (7) calendar days after such Notice is received marked  as undeliverable.  Defendants' Counsel and Class Counsel have the right to make inquiries and, subject to the limitations in Section 3.5(A) and elsewhere in this Agreement, receive any information from the Settlement Administrator related to the claims administration process.

(E)     Only the Plaintiffs who agree to the terms of this Agreement in accordance with its provisions and Eligible Class Members will receive an Individual Settlement Payment.

**3.6     Class Member Opt-Out.**

(A)     Any Class Members may exclude themselves from the Class by "opting out" through the process set forth in this Agreement.  Any Class Member who chooses to opt-out of the Class must mail a written, signed statement to the Settlement Administrator stating that he/she is opting out of the Settlement ("Opt-Out Statement").  The Opt-Out Statement must contain the name and address of the Class Member to be valid.  To be valid, the Opt-Out Statement must also contain the words, or substantially similar words, "I understand that, by excluding myself

9

from the Settlement in this case, I am foregoing all monetary benefits from this Settlement and I will receive no money from the Settlement Fund.  I understand that I may bring a separate legal action seeking damages but may receive nothing or less than what I would have received if I had not opted out of this case."  The Notice shall inform Class Members of the deadline for opting out, which shall be sixty (60) days after the date of mailing of the Notice (the "Opt Out/ Comment Deadline").  To be effective, any Opt-Out Statement must be placed in an envelope addressed to the Settlement Administrator postmarked by the Opt Out/Comment Deadline.

(B)     Class Members who submit timely Opt-Out Statements may rescind their opt-outs and participate in the Settlement by mailing written, signed statements to the Settlement Administrator.  In order to be valid, the rescission statement must contain the name and address of the Class Member and the words, or substantially similar words, "I elect to rescind my prior exclusion of myself from the settlement in "*VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,* Civil Action No. 1:16-cv-05165-ER-KNF"; or "I elect to rescind my prior exclusion of myself from the settlement in "*VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC.,* Civil Action No. 1:19-cv-05194-ER*"; or* "I elect to rescind my prior exclusion of myself from the settlement in "*VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,* Civil Action No. 1:16-cv-05165-ER-KNF, and *VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC.,* Civil Action No. 1:19-cv-05194-ER", as applicable.  To be effective, such rescission must be postmarked no later than thirty (30) days after the Opt-out/Comment Deadline.

(C)     The Settlement Administrator will provide Class Counsel and Defendants' Counsel with copies of any Opt-Out Statements within five (5) business days of receipt.  Except to the extent that the Opt-Out Statements subsequently are rescinded, Class Counsel will submit them to the Court along with any Motion for Judgment and Final Approval.

**3.7     Objections and Comments to Settlement.**

(A)     Class Members who wish to comment on or present objections to the proposed Settlement, including to the petition for attorneys' fees and costs or the Service Award, at the Fairness Hearing must first do so in writing.  To be effective, such comments or objections must be submitted to the Settlement Administrator by the Opt-out/Comment Deadline.  A Class Member who opts out may not also comment on or object to the Settlement.

(B)     A commenter or objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the commenter or objector.  Any Commenter or objector who wishes to appear at the Fairness Hearing must state his/her intention to do so at the time he/she submits his/her written objection or comment.   No objector or commenter may appear at the Fairness Hearing unless

he/she has filed a timely objection or comment that complies with the procedures provided in Section 3.7(A) of this Agreement. Any Class Member who has submitted an Opt-Out Statement may not submit objections to the Settlement.

(C)     The Settlement Administrator will provide Class Counsel and Defendants' Counsel with copies of any objections or comments within five (5) business days of receipt. Class Counsel will submit them to the Court along with its Motion for Judgment and Final Approval, and may submit its written responses to the objections as part of the memorandum of law in support of the Motion for Judgment and Final Approval.

**3.8     Final Order and Judgment from the Court.** Plaintiffs will seek to obtain from the Court, as a condition of settlement, a Final Order and Judgment in the form to be agreed upon by the Parties. The Proposed Final Order and Judgment will, among other things, (a) enter Judgment in accordance with this Agreement, (b) approve the settlement as fair, adequate, reasonable, and binding on Plaintiffs and all Eligible Class Members, (c) dismiss the FLSA Litigation and the NY Law Litigation with prejudice, (d) enter an Order permanently enjoining Plaintiffs and all Eligible Class Members from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (e) incorporate the terms of this Agreement, including the settlement terms and release. Defendants will support the application for the Final Order and Judgment. If the Preliminary Approval Order or Final Order differs in any material way from the terms of this Agreement, Section 3.12 of this Agreement shall apply. Either Party may choose to proceed in accordance with the provisions in Section 3.12 of this Agreement, and will have the right to (a) revoke and not proceed with the completion of the Settlement, and, if so, the Settlement shall become null and void; or (b) negotiate with the other Party and/or involve the Mediator to modify the settlement terms in a manner acceptable to the objecting Party and the Court, and then proceed to seek approval of the amended settlement.

**3.9     Motion for Judgment and Final Approval.** No later than seven (7) calendar days before the Fairness Hearing, which shall be at least seventy-five (75) days after the mailing of the Notice, Plaintiffs will submit a Motion for Judgment and Final Approval. The Motion for Judgment and Final Approval and supporting memorandum of law will be provided to Defendants for review and comment at least seven (7) calendar days prior to filing the motion with the Court, and Plaintiffs will accept Defendants' reasonable comments. The Fairness Hearing shall be held at the Court's convenience.

**3.10    Entry of Judgment.** At the Fairness Hearing, and through Plaintiffs' Motion for Judgment and Final Approval, the Parties will request that the Court, among other things, (a) certify the Class under Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b) for purposes of settlement only, (b) enter Judgment in accordance with the terms of this Agreement, (c) approve the Settlement as fair, adequate, reasonable, and binding on Defendants and Plaintiffs and all Eligible Class Members, (d) dismiss the FLSA Litigation and the NY Law Litigation with prejudice, (e) enter an Order permanently enjoining Plaintiffs and all Eligible Class Members from pursuing and/or seeking to

reopen claims that have been released by this Agreement, and (f) incorporate the terms of this Agreement.

**3.11** **Waiver of Right to Appeal.**  Provided that the Final Approval Order is consistent with the terms and conditions of this Agreement without material modification, Class Members who did not timely submit an objection to the Settlement set forth in this Agreement in the manner prescribed in Section 3.7 of this Agreement, Class Counsel, and Defendants hereby waive any and all rights to appeal from the Final Approval Order, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate or set aside judgment, a motion for new trial, and any extraordinary writ.  The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.

**3.12** **Effect of Revocation or Failure to Grant Approval.**  In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Parties will work together in good faith to address the concerns raised in the Court's order denying preliminary or final approval.  If the Parties are unable to jointly agree on solutions to address the Court's concerns, then the Parties shall request that the Mediator assist them.  After exhausting the Mediator option, either Party may withdraw from and fully terminate this Agreement and the FLSA Litigation and the New York Law Litigation will return to the status quo as of November 10, 2020, as if no settlement had been attempted.  In such an event, neither the fact of entry into this Agreement nor the terms of the Agreement will constitute or be construed, in any way, in any forum, to be an admission, and may not be used, by either Party in any subsequent proceedings in the FLSA Litigation or the NY Law Litigation or any other litigation, to argue for or against class certification, liability, or damages.

## 4. SETTLEMENT PAYMENT TERMS

**4.1** **Settlement Payment.**

(A)  Defendants agree to pay a maximum settlement amount of up to $1,100,000.00, which shall resolve and satisfy all monetary obligations under this Agreement.

(B)  Defendants shall deposit Twenty-One Thousand, Seven Hundred and Fifty Dollars and Zero Cents ($21,750.00) into the Settlement Fund no later than fourteen (14) calendar days after the Court's Preliminary Approval Order, which shall serve as the initial payment to the Settlement Administrator.  If the Court does not grant a Final Approval Order of the Settlement set forth in this Agreement or the Settlement set forth in this Agreement does not become effective (*i.e.*, the Effective Date does not occur) for any reason, this amount, less any amount already paid to the Settlement Administrator or payable to the Settlement Administrator for work already performed or expenses already incurred, shall immediately be returned to Defendants.

(C)  Defendants shall deposit the One Million, Seventy-Eight Thousand, Two Hundred and Fifty Dollars and No Cents ($1,078,250.00) balance into the Settlement Fund

no later than thirty-five (35) calendar days after the Court's Final Approval Order. Any interest accrued from the Settlement Fund, net of taxes and any fees associated with investing such amount, shall immediately be added to and become part of the Settlement Payment. If the Settlement does not become Effective for any reason, the $1,078,250.00 balance, along with any accrued interest, shall immediately be returned to Defendants.

(D)     Within ten (10) calendar days following the Effective Date, the Settlement Administrator will distribute the money in the Settlement Fund by making the following payments:

(1)   Paying Class Counsel the Class Counsel Fees Payment approved by the Court up to the amount described in Section 4.2(A) of this Agreement.

(2)   Paying the Settlement Administrator as described in Section 3.1 of this Agreement.

(3)   Reimbursing Class Counsel the Class Counsel Litigation Expenses Payment approved by the Court as described in Section 4.2(A) of this Agreement.

(4)   Paying a Service Award in the amount approved by the Court up to the amount described in Section 4.3 of this Agreement.

(5)   Paying Eligible Class Members their Individual Settlement Payments as described in Section 3.4 of this Agreement.

**4.2     Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)     No later than twenty (20) days after the Notice is mailed to Class Members, Class Counsel shall petition the Court for Class Counsel Fees and Litigation Expenses up to Seven Hundred and Twenty-One Thousand, Three Hundred and Ninety Dollars and Eighty-Nine Cents ($721,390.89). Defendants will not oppose such application in such amount. Defendants shall have no additional liability for attorneys' fees and costs. Any amount of attorneys' fees and costs not approved by the Court shall become part of the Net Settlement Fund.

(B)     The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the FLSA Litigation and the NY Law Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs, including the Court's decision to award less than the amount of attorney's fees and costs requested by Class Counsel, shall not terminate this Agreement.

**4.3     Service Award.**   No later than twenty (20) days after the Notice is mailed to Class Members, the Plaintiff will apply to the Court to award up to Ten Thousand Dollars and Zero Cents ($10,000.00) as a Service Award for services rendered to the Class and for her general release of claims. Defendants will not object to the amount of the requested

Service Award.  The Service Award approved by the Court shall be paid in addition to the Individual Settlement Payment of the Plaintiff, and all amounts for both the Service Award and the Individual Settlement Payment will be paid out of the Settlement Fund. Plaintiff may receive the Service Award only if she participates in and does not opt out of the Settlement. The outcome of the Court's ruling on the application for Service Award, including the Court's decision to award less than the Service Award amount requested, shall not terminate this Agreement.  Any reduction by the Court of Plaintiff's application for Service Award shall become part of the Net Settlement Fund.

**4.4    Distribution to Eligible Class Members.**

(A)    The Net Settlement Fund shall be the amount of money remaining from the $1,100,000.00 Gross Settlement Fund after deductions for Court-approved Class Counsel Fees and Litigation Expenses as described in Section 4.2 of this Agreement, Court-approved Service Award to the Plaintiff as described in Section 4.3 of this Agreement, settlement administration costs as described in Section 3.1 of this Agreement, any fees or taxes associated with investing and liquidating the Settlement Payment as described in Section 4.1 of this Agreement, and any Unclaimed Funds.

(B)    The Net Settlement Fund shall be distributed by the Settlement Administrator to Eligible Class Members pursuant to the Individual Settlement Payments set forth in a table ("Individual Settlement Amount Table") that will be provided by Class Counsel to the Settlement Administrator no later than thirty (30) days after Preliminary Approval.  Any subsequent modifications to the methodology used by Plaintiffs must be agreed upon by both Parties.  Plaintiffs will use the agreed-upon methodology to calculate each individual Settlement Class Member's *pro rata* share of the Net Settlement Fund, if any.  Additionally, Plaintiffs' methodology may include a service award to Plaintiff and any Eligible Class Member agrees to the terms of this Agreement in accordance with its provisions and/or an increase for each Settlement Class Member who was deposed in the FLSA Litigation or the NY Law Litigation.  The Individual Settlement Amount Table will include a column showing the Individual Settlement Payments allocated for each Eligible Class Members' FLSA claim and/or applicable state, territorial or local law claim as agreed upon by counsel for the Parties based on the data provided for the mediation and afterward by Defendants.  Eligible Class Members may receive more than the amount shown in the Individual Settlement Amount Table, as set forth in this Agreement, under the following three circumstances:

(1)    Any interest or investment income earned by the Settlement Fund will be distributed to Eligible Class Members in proportion to his/her original allocations in the Individual Settlement Amount Table.

(2)    Any amounts sought for Class Counsel Fees and Litigation Expenses and costs or for Service Awards but not approved by the Court will be distributed

to Eligible Class Members in proportion to their respective original allocations in the Individual Settlement Amount Table.

(3) Any Individual Settlement Payment allocated to any Eligible Class Member who does not negotiate/redeem his/her Individual Settlement Payment by the Payment Negotiation Deadline will revert back to Defendants in accordance with Section 4.4(F) of this Agreement.

(C)   The Individual Settlement Payments will be distributed in the form of checks sent to each Eligible Class Member's last known address via First Class U.S. Mail. The Settlement checks will contain the following legend on the back of the checks: "I have received and read the Class Notice in *VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC*, Civil Action No. 1:16-cv-05165-ER-KNF.  By negotiating this check and accepting payment I have knowingly and voluntarily waived and released the Released Parties from all Released Claims as defined in the Settlement Agreement and in the Notice;" or "I have received and read the Class Notice in *VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC.,* and *EXAMONE LLC*, Civil Action No. 1:19-cv-05194-ER.  By negotiating this check and accepting payment I have knowingly and voluntarily waived and released the Released Parties from all Released Claims as defined in the Settlement Agreement and in the Notice;" or "I have received and read the Class Notice in *VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC*, Civil Action No. 1:16-cv-05165-ER-KNF, and in *VECCHIO v. QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC.,* and *EXAMONE LLC*, Civil Action No. 1:19-cv-05194-ER.  By negotiating this check and accepting payment I have knowingly and voluntarily waived and released the Released Parties from all Released Claims as defined in the Settlement Agreement and in the Notice," as applicable.  The Settlement checks shall be made out to Eligible Class Members in their individual capacities, and not to any corporate entity that they may have formed or used in connection with Mobile Examiner services pursuant to a contract or other arrangement with any Defendant.

(D)   Eligible Class Members will have ninety (90) calendar days after the Individual Settlement Payments are mailed by the Settlement Administrator to negotiate/redeem/cash their Individual Settlement Payments ("Payment Negotiation Deadline").  Only Eligible Class Members who negotiate/redeem/cash their Individual Settlement Payments will be considered Claimants.

(E)   The Individual Settlement Payments in the Individual Settlement Amount Table allocated to any Eligible Class Members who fail to negotiate/redeem their Individual Settlement Payments by the Payment Negotiation Deadline will be treated as follows:  (a) all amounts allocated to FLSA claims will be considered Unclaimed Funds and be returned to Defendants by the Settlement Administrator as a credit against a potential FLSA claim that any Eligible Class Member who

does not negotiate/redeem an Individual Settlement Payment may subsequently file; and (b) all other non-FLSA amounts which are a part of the allocations in the Individual Settlement Amount Table ("Non-FLSA Amounts") will revert to Defendants.  Any amount of the Net Settlement Fund that is not distributed will revert back to Defendants. Any amounts to be returned to Defendants shall be referred to as "Unclaimed Funds."

(F)     All Unclaimed Funds shall be returned to Defendants within sixty (60) days of the Payment Negotiation Deadline.

(G)     The Parties and the Settlement Administrator shall exchange all available information for the Settlement Administrator to make proper tax withholdings, if any, and comply with tax reporting obligations as described in Section 4.5 of this Agreement.

(H)     All payments to Eligible Class Members made pursuant to this Agreement shall be deemed to be paid to such Eligible Class Members solely in the year in which such payments actually are received by the Eligible Class Members, and which shall be assumed to be five (5) days after the mailing of the payment.  It is expressly understood and agreed that the receipt of such payments will not entitle any Eligible Class Members to additional compensation, status or benefits under any of Defendants' bonus, contest or other compensation or benefit plans or agreements in place (collectively, the "Benefit Plans").  Similarly, no payment made pursuant to this Agreement is or will be considered as "Compensation," "Earnings," "Salary," or any similar definition under any Benefit Plans; and no payment is or may be considered eligible compensation for any Benefit Plans, or for any 401(k) Savings and Retirement Plans, or for any other benefit purposes; and no payment will require any contribution or award under any Benefit Plans; or otherwise modify benefits, status, contributions or coverage under any Benefit Plans.

**4.5     Reportability of Settlement Payments.**

(A)     For tax reporting purposes, fifty percent (50%) of the payments to Eligible Class Members pursuant to Section 4.4 of this Agreement will be subject to reporting in Box 7 of Form 1099-MISC and the other fifty percent (50%) will be subject to reporting in Box 3 of Form 1099-MISC.

(B)     All Individual Settlement Payments shall be reportable on a Form 1099-MISC in the manner prescribed in Section 3.5(A) of this Agreement and shall be made without withholding.  Payments of attorneys' fees and costs pursuant to Section 4.2 of this Agreement shall be made without withholding.  Class Counsel will receive a Form 1099 for this payment.  Any Service Award payment pursuant to Section 4.3 of this Agreement shall be made without withholding and will be reported to the IRS and the payee under the payee's name and social security number in Box 3 of Form 1099-MISC.

(C)     The Settlement Administrator shall notify each Claimant, in writing, of the amounts of his or her Individual Settlement Payment that are to be separately reported on Box 7 and Box 3 of Form 1099-MISC.

(D)     Each Plaintiff and Claimant will be solely responsible for all federal, state, and local tax liabilities that may result from such Service Award Payment or Individual Settlement Payment subject to reporting on a Form 1099-MISC. Plaintiffs, on behalf of the Class, acknowledges and agrees that he/she has not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Settlement, and that Releasees (defined below) shall bear no responsibility for any tax liabilities arising from the payments any individual received pursuant to this Agreement.

**4.6     Releases.**

(A)     **Release of Eligible Class Member Claims.**  Upon the granting of the Final Approval Order, and except as to such rights or claims as may be created by this Agreement, each Eligible Class Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, as well as on behalf of any corporate entity(ies), partnerships, or other business entities that they may have formed or used in connection with Mobile Examiner services pursuant to a contract or other arrangement with any Defendant, fully releases and discharges Defendants and all of their parents, franchisors, partners, subsidiaries, affiliates, predecessors, agents, directors, officers, managers, employees, successors, heirs, spouses, administrators, executors, assigns, representatives, or other persons or entities acting on their behalf ("Releasees"), from all claims under the New York State Labor Law and all other state, territorial, and local laws related to wages or any other benefits due against the Released Parties in the states, territories and localities in which each Eligible Class Member worked, including, without limitation, claims for unpaid wages and overtime, liquidated damages, and attorneys' fees and costs, any claims under the theory of *quantum meruit* or unjust enrichment, that were or could have been asserted in the FLSA Litigation or the NY Law Litigation, whether known or unknown, through the date of the Preliminary Approval Order.

(B)     **Release of Claimants' Claims.**  In addition to the waiver and releases contained in Section 4.6(A) of this Agreement, each Claimant, upon negotiating his or her settlement check, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, as well as on behalf of any corporate entity(ies), partnerships, or other business entities that they may have formed or used in connection with Mobile Examiner services pursuant to a contract or other arrangement with any Defendant or any affiliated or related entity, fully releases Releasees from all claims under the FLSA  for unpaid wages, overtime pay, failure to maintain and furnish employees with proper wage records, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the

17

FLSA Litigation, whether known or unknown, through the date the Claimant negotiates or cashes the settlement check(s).

(C) **Release of Plaintiffs' Claims.** In addition to the waiver and releases contained in Sections 4.6(A)-(B) of this Agreement, upon the granting of the Final Approval Order, each Plaintiff, knowingly and voluntarily, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, as well as on behalf of any corporate entity(ies), partnerships, or other business entities that he or she may have formed or used in connection with Mobile Examiner services pursuant to a contract or other arrangement with any Defendant or any affiliated or related entity, fully releases and discharges Releasees from any and all claims arising up to and as of the latest of (i) the date of his or her execution of this Agreement, (ii) the date of the Preliminary Approval Order, or (iii) the date the Plaintiff negotiates or cashes the settlement check(s), both known and unknown, which the Plaintiff has or may have against Releasees including, but not limited to, any alleged violation of: Title VII of the Civil Rights Act of 1964; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; The Equal Pay Act; The Employee Retirement Income Security Act of 1974; The Immigration Reform and Control Act; The Consolidated Omnibus Budget Reconciliation Act; The Age Discrimination in Employment Act of 1967, as amended by the Older Workers' Benefit Protection Act; The National Labor Relations Act; The Americans with Disabilities Act of 1990; The Fair Labor Standards Act; The Fair Credit Reporting Act; The Sarbanes Oxley Act; The Occupational Safety and Health Act; The Family and Medical Leave Act of 1993; and any other federal, state, territorial, and/or local statute, law, regulation, or ordinance relating to the terms and conditions of employment, employment discrimination or harassment or retaliation, wages or any other benefits due including, without limitation, claims for unpaid wages and overtime, liquidated damages, and attorneys' fees and costs, any claims under the theory of *quantum meruit* or unjust enrichment; any and all claims based on any express or implied contract, or other agreement or representation relating to the terms and conditions of the Plaintiff's employment, which may have been alleged to exist between the Plaintiff and the Releasees (or any of them; and claims that Defendants violated any personnel policies, handbooks, or any covenant of good faith and fair dealing; and any other federal, state, territorial, and/or local statute, law, regulation or ordinance; and any claim under the common law, tort, contract or equity.  This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, penalties, interest, and attorneys' fees' and costs. Notwithstanding the foregoing general releases, each Plaintiff acknowledges that he or she has not made any claims or allegations related to sexual harassment or sexual abuse, and none of the payments set forth as consideration in this Agreement is related to or arising from sexual harassment or sexual abuse.  For purposes of the release of claims under The Age Discrimination in Employment Act, Plaintiff acknowledges that: (a) he or she read this Agreement and understands it; (b) he or she is agreeing to the terms of this Agreement voluntarily in order to release his or her claims against the Releasees in exchange for payment

that is greater than he or she would otherwise have received or been entitled to receive; (c) he or she was offered at least twenty-one (21) days to consider his or her choice to agree to the terms of this Agreement in accordance with its provisions; (d) Defendants advised him or her to consult with an attorney before agreeing to the terms of this Agreement; and (e) he or she has been informed by Defendants that she can revoke this Agreement within seven (7) days of agreeing to its terms in accordance with its provisions and that the Agreement does not become effective until that seven (7)-day period has expired and (f) he or she agrees that changes to this Agreement before its execution, whether material or immaterial, do not restart the time to review the Agreement.  To revoke the Agreement, contact Steve Platt, Brei Cudworth, and/or Christian Clapp at Phone: (215) 525-0209 in writing within seven (7) days of agreeing to its terms in accordance with its provisions.

Notwithstanding the above paragraph, this general release is not intended to and does not release any claims that Plaintiff may have against an employee or shareholder of the Defendants that does not arise out of or relate to any of the claims pled in the FLSA Litigation or the NY Law Litigation and that has nothing to do with the services performed by the Plaintiff as a Mobile Examiner or otherwise, or with any relationship or end of any relationship that the Plaintiff had with any Defendant or any related or affiliated entity, and is unrelated to the employee's or shareholder's role or status as an employee or shareholder.  For the avoidance of any doubt, this carve-out is intended to be strictly limited to matters having nothing to do with any services Plaintiff performed for or his/her relationship with any Defendant or related or affiliated entity, as well as the cessation of any such relationship, such as a claim Plaintiff may have in a landlord tenant dispute with an individual who happens to also be an employee or shareholder.

(D)   **Consideration for General Release and Separate General Release**.  It is expressly understood and agreed that the Service Award being paid to Plaintiffs is in part being paid as consideration for their general release of claims and that the Service Award would be lesser in the absence of the general release.  Plaintiffs must participate in the Settlement and not opt out, as a condition precedent to receiving her Individual Settlement Payment and Service Award.

(E)   **Release of Fees and Costs for Settled Matters.**  Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member and Claimant, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs, the Class, and the Claimants in the FLSA Litigation or the NY Law Litigation.  Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of any individuals in the FLSA Litigation or the NY Law Litigation.

(F) **No Assignment.**  Class Counsel and Plaintiffs, on behalf of themselves and the Class, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the FLSA Litigation or the NY Law Litigation, or any related action.  Class Counsel and Plaintiffs also represent and warrant that they are unaware of any Class Member who has assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.  However, neither Class Counsel nor Plaintiffs have attempted to make inquiry of each individual Class Member as to whether they have engaged in any such assignment or transfer.

(G) **Non-Admission by Defendants.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement.  Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class.  Settlement of the FLSA Litigation and the NY Law Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement described in this Agreement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in either the FLSA Litigation or the NY Law Litigation; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding.  The Plaintiffs understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

(H) **Non-Admission by Plaintiffs.**  By entering into this Agreement, Plaintiffs in no way admit that Defendants may not be liable to Plaintiffs and/or the Class, individually or collectively.  Likewise, by entering into this Agreement, Plaintiffs in no way admit that the FLSA Litigation and the NY Law Litigation may not be suitable for class or collective action litigation.  Rather, Plaintiffs enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Defendants.  Settlement of the FLSA Litigation and the NY Law Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any lack of wrongdoing or liability on the part of Plaintiffs or of the falsity of any of the factual allegations in any and all Complaints filed in either the FLSA Litigation or the NY Law Litigation; and (b)

are not, shall not be deemed to be, and may not be used as an admission or evidence of lack of fault on the part of Plaintiffs in any civil, criminal, administrative or arbitral proceeding.  The Defendants understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**4.7**     **Miscellaneous**

(A)     **Cooperation Between the Parties; Further Acts.**  The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each of the Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(B)     **Entire Agreement.**  This Agreement and the attached exhibits constitute the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

(C)     **Binding Effect.**  This Agreement shall be binding upon the Parties and with respect to Defendants, their successors, and assigns; and with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns, as well as any corporate entity(ies), partnerships, or other business entities that they may have formed or used in connection with Mobile Examiner services pursuant to a contract or other arrangement with any Defendant, as well as their successors and assigns.

(D)     **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

(E)     **Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(F)     **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(G)     **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to

choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(H) **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.  The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

(I) **Waivers, etc. To Be In Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(J) **When Agreement Becomes Effective; Counterparts.**  Except for provisions of this Agreement requiring any Party to act or seek Court action prior to Court approval, which provisions are intended to be binding on the parties upon mutual execution hereof, this Agreement shall become fully effective upon the Court's entering of an Order Granting Final Approval subject to the terms of this agreement.  It is understood that such date is not the Effective Date for settlement implementation purposes, which is as defined above.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

(K) **Facsimile/Electronic Signatures.**  Any Party may execute this Agreement by causing its/his/her counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

DATED:  November 19, 2021

Napoli Shkolnik PLLC
*Attorneys for Plaintiffs*

_____
Salvatore C. Badala
360 Lexington Avenue
New York, New York 10007

Epstein Becker Green, P.C.
*Attorneys for Defendants*

_____
875 Third Avenue
New York, NY 10022
Tel.: (212) 351-4527
Fax: (212) 868-8700
Email: rplewis@ebglaw.com

**PLAINTIFF:**

DATED: Nov 18th, 2021

Maria Vecchio

**DEFENDANTS:**

DATED: November 19, 2021        QUEST DIAGNOSTICS INCORPORATED

By: /s/Paul L. Kattas
Name: Paul L. Kattas
Title: Senior Corporate Counsel

DATED: November 19, 2021        EXAMONE WORLD WIDE, INC.

By: /s/Paul L. Kattas
Name: Paul L. Kattas
Title: Senior Corporate Counsel

DATED: November 19, 2021        EXAMONE LLC

By: /s/Paul L. Kattas
Name: Paul L. Kattas
Title: Senior Corporate Counsel