UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA VECCHIO, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>– against –<br><br>QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,<br><br>Defendants. | **OPINION AND ORDER**<br><br><br>16 Civ. 5165 (ER) |
| MARIA VECCHIO, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>– against –<br><br>QUEST DIAGNOSTICS, INC., EXAMONE WORLD WIDE, INC., and EXAMONE LLC,<br><br>Defendants. | 19 Civ. 5194 (ER) |

Ramos, D.J.:

Maria Vecchio brought this action on June 29, 2016, alleging that defendants, her former employers, had failed to pay her, and those similarly situated, minimum and overtime wages in violation of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). Before the Court is Vecchio's unopposed motion for conditional certification of a class, under Federal Rule of Civil Procedure 23, and collective, under Section 16(b) of the FLSA, for settlement purposes only. Vecchio further seeks preliminary approval of a class and

collective action settlement. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## I. Background & Procedural History

The Court assumes familiarity with the facts and procedural posture of this action, as previously set forth in its September 18, 2020 opinion and order, Doc. 3195 (16-cv-5165). Accordingly, the Court will summarize only the facts necessary to resolve this motion.

ExamOne LLC—a wholly owned subsidiary of ExamOne World Wide, Inc., which, in turn, is a wholly owned subsidiary of Quest Diagnostics, Inc—provides medical examinations to individuals applying for life insurance policies. *Id.* at 2. ExamOne employs mobile medical examiners to perform these exams, including some as independent contractors. *Id.* Medical examiners employed as independent contractors are either paid a fixed fee per examination, or a percentage of the revenue earned by ExamOne. *Id.*

Maria Vecchio, a medical examiner, began working for ExamOne in November 2013, as an independent contractor. *Id.* at 8. During this time, she earned 38 percent of the amount ExamOne billed for each examination. *Id.* In June 2014, ExamOne hired Vecchio as a part-time employee; she then earned a set fee per examination performed, as well as an overtime rate of $26.54 per hour. *Id.*

Vecchio filed complaint 16-cv-5165 on June 29, 2016, alleging, *inter alia*, that ExameOne failed to pay her minimum wage or overtime in violation of provisions of the FLSA and the NYLL. Doc. 1 (16-cv-5165). After approximately one year of discovery, the parties stipulated to the dismissal without prejudice of the NYLL claims on October 10, 2017. Doc. 477 (16-cv-5165). Six months after the dismissal of the state law claims, on April 30, 2018, the Court issued an opinion and order conditionally certifying an FLSA collective, *i.e.*, all persons

employed by defendants as mobile examiners, whether designated as independent contractors or employees, at any time in the three years prior to the filing of the complaint on June 29, 2016. Doc. 644 (16-cv-5165). The Court further authorized the issuance of a nationwide notice to the collective. *Id.* By the end of the 90-day notice period notice period, approximately 2,700 plaintiffs had opted in to the collective.

The following year, on April 9, 2019, Vecchio filed the previously dismissed NYLL claims against defendants in a separate action before the Supreme Court of New York, County of New York, Index No. 652069/2019. *See* Doc. 1-1 (19-cv-5194). Defendants subsequently removed the action to this District on June 3, 2019. Doc. 1 (19-cv-5194). The following week, on June 11, 2019, the case was assigned to this Court as related to 16-cv-5165.

On February 21, 2020, defendants filed motions for decertification and partial summary judgment. Docs. 3174; 3179 (16-cv-5165). An opinion and order issued on September 18, 2020 granted the motions. Doc. 3195 (16-cv-5165). Specifically, the Court decertified the class because Vecchio failed to show that the opt-in plaintiffs were similarly situated to her in any material respect; dismissed with prejudice Vecchio's minimum wage claims, along with the overtime wage claims of 32 specific opt-in plaintiffs; and dismissed without prejudice the claims of all remaining opt-in plaintiffs. *Id.* at 26.

On June 25, 2020, the parties mediated before Carol Wittenberg, which was unsuccessful. *See* Declaration of Salvatore C. Badala in Support of Amended Motion for Conditional Certification of the Class and Collective, and for Preliminary Approval of the Class and Collective Action Settlement ("Badala Decl."), Docs. 3230 (16-cv-5165) ¶ 21; 57 (19-cv-5194) ¶ 21.

Five months later, on November 9, 2020, the parties filed a joint letter, requesting that the Court hold all of the proceedings in connection with the two related cases in abeyance, pending the outcome of mediation.  Docs. 3202 (16-cv-5165); 16 (19-cv-5194).  The following day, the Court issued an order staying the cases, in accordance with the parties' request.  Docs. 3204 (16-cv-5165); 18 (19-cv-5194).  The following month, on December 17, 2020, the parties participated in a second mediation before Marc Isserles, at which they reached a preliminary settlement agreement.  Badala Decl. ¶ 22.

Over the ensuing nine months, the parties worked to finalize the terms of the settlement agreement, *id.* ¶ 24, and on September 17, 2021, they advised the Court via letter that they had a reached a written settlement, resolving both the cases.  Docs. 3209 (16-cv-5165); 22 (19-cv-5194).  This letter further provided that Vecchio would file an amended complaint—which would serve as the operative complaint in both actions and which would include both state law and FLSA claims—in accordance with the terms of the settlement agreement.  *Id.*; *see also* Doc. 3216 (16-cv-5165); 29 (19-cv-5194).  It also asked the Court to lift the stay on the cases.  *Id.*  The Court did so that same day.  Docs. 3210 (16-cv-5165); 23 (19-cv-5194).  Two weeks later, on October 1, 2021, Vecchio filed an amended complaint.  Doc. 3216 (16-cv-5165); 29 (19-cv-5194).

Vecchio filed a joint stipulation of settlement and release, the "Original Settlement Agreement," Docs. 3219 (16-cv-5165); 32 (19-cv-5194), on November 22, 2021.  Attached to the Original Settlement Agreement was a proposed notice, the "Original Proposed Notice," Docs. 3219-1 (16-cv-5165); 32-1 (19-cv-5194); proposed order granting preliminary approval, the "Original Proposed Order," Docs. 3219-2 (16-cv-5165); 32-2 (19-cv-5194); and proposed allocation formula, the "Original Proposed Formula," Docs. 3219-3 (16-cv-5165); 32-3 (19-cv-

5194).  The following month, on December 10, 2021, Vecchio filed an *unopposed* motion for conditional certification of the class and collective and for preliminary approval of the class and collective action settlement.  The "Original Motion," Docs. 3228 (16-cv-5165); 40 (19-cv-5194).

The Court held a conference (the "Conference") to discuss the Original Motion on August 25, 2022.  During the Conference, the Court denied it without prejudice for a number of reasons, as explained below.  *See generally* Conference Transcript ("Conf. Tr."), Doc. 3239 (16-cv-5165).

First, the Original Settlement Agreement did not require opt-in plaintiffs to file a written consent with the Court to join the collective, as required by the FLSA.  *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is action.").  Rather, the Original Settlement Agreement allowed an individual to consent to join the collective by redeeming a settlement check, without more.  Conf. Tr. at 2:23–3:9.  Additionally, the Original Settlement Agreement asked the Court to evaluate whether it comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) *before* the members of the collective had opted in to the settlement.  *Id.* at 3:9–11.  The Court explained that provisions of this kind conflict with the Second Circuit's holding in *Cheeks*, which requires a court to evaluate the fairness of a proposed settlement *after* collective members opt in.  *Id.* at 3:11–15 (explaining that "the concern under this framework is that [it would] hold a fairness hearing and . . . dismiss[] the case . . .  before a claimant [had] cashed a check and therefore joined the collective"); *see also Villar v. AHRC Home Care Servs., Inc.*, No. 18 Civ. 9174 (OTW), 2020 WL 4904031, at *4 (S.D.N.Y. Aug. 20, 2020) (same).

The Court further highlighted substantive discrepancies between the Original Proposed Notice and the Original Settlement Agreement, namely that the documents contained conflicting definitions of "release of claim,"[1] descriptions of would happens if a potential opt-in plaintiff did not redeem his settlement check or opt out of the settlement,[2] and deadlines to opt out of the settlement.[3] *See* Conf. Tr. at 4:14–5:16.  The Court directed the parties to correct these issues and add the following language:  "A class member who opts out may not also comment or object to the settlement." *Id.* at 5:17–22.

Next, the Court noted that the Original Proposed Order improperly listed a number of events that do not occur at the preliminary approval stage. *Id.* at 5:23–6:1.  The following paragraphs of the Original Proposed Order caused the Court particular concern:  ¶¶ F (awarding Vecchio a service award); G (granting the class counsel's request for attorney's fees and expenses); H (granting the settlement administrator a payment); I (granting the establishment of a reserve fund); J (providing that Vecchio and all class members release defendants from any and all "released claims," as therein defined); and M (dismissing 16-cv-5165 and 19-cv-5194 with prejudice. *Id.* at 6:2–18 ("[A]ll of these various [events] . . . do not happen at the stage of preliminary approval."); *see also* Original Proposed Order at 3–5.  Furthermore, the Court advised that the Original Proposed Order failed to include deadlines specified in the Original Settlement Agreement, *i.e.*, the opt-out deadline, objections and comments deadline, motion for final approval deadline, fairness hearing deadline, and application for service award deadline.

---

[1] *Compare* Original Proposed Notice, at 3, § 7, *with* Original Settlement Agreement, at 17–18, § 4.6(a)–(b).

[2] *Compare* Original Proposed Notice, at 4, § 9, *with* Original Settlement Agreement, at 9, § 3.5(c).

[3] *Compare* Original Proposed Notice, at 4, § 10, *with* Original Settlement Agreement, at 9–10, § 3.6(a).

*Id.* at 6:21–7:15.  Moreover, the Original Proposed Order failed to conditionally certify the class and collective, or appoint a settlement administrator.  *Id.* at 7:16–20.

With respect to the Original Proposed Formula—*i.e.*, Approximate Individual Settlement Payments = Number of Claimants/Net Settlement Fund—the Court advised that the parties incorrectly inversed the numerator and the denominator.  The number of claimants belonged as the denominator, the net settlement fund, as the numerator.  Conf. Tr. at 8:1–5.

As a final point, the Court noted that, in general, the parties did not furnish adequate legal support for why the Court should grant their requests.  *Id.* at 10:5–12.  For the foregoing reasons, the Court dismissed the Original Motion without prejudice and instructed the parties to amend their papers accordingly.  *Id.* at 10:15–19.  That same day, the Court issued an order to that effect.  Docs. 3238 (16-cv-5165); 50 (19-cv-5194).

On October 11, 2022, Vecchio filed the instant amended motion for conditional certification of the class and collective, and for preliminary approval of the class and collective action settlement.  The "Amended Motion," Docs. 3245 (16-cv-5165); 55 (19-cv-5194).  Also on October 11, 2022, she filed an amended joint stipulation of settlement and release, the "Amended Settlement Agreement," Docs. 3248 (16-cv-5165) at 1–24; 58 (19-cv-5194) at 1–24; an amended notice of class action settlement, the "Amended Proposed Notice," *id.* at 25–30; an amended proposed order and judgment, the "Amended Proposed Order," *id.* at 31–38; and an amended formula to calculate individual settlement payments, the "Amended Proposed Formula," *id.* at 37–38.

## II.  DISCUSSION

### a. Conditional Certification of the Settlement Class and Collective Action

Vecchio seeks conditional certification of the class and FLSA collective for the purposes of facilitating a settlement. Both the class and collective consist of

> [a]ll persons who (a) contracted or otherwise arranged with any [d]efendant or any related or affiliated entity to perform services as a [m]obile [e]xaminer (b) in New York at any time between June 29, 2010 and the date of the Preliminary Approval Order.[4]

Amended Settlement Agreement at 2, § 1.3. Previously, defendants successfully attained decertification of the collective in 2020. *See generally*, Doc. 3195 (16-cv-5165). Here, however, defendants no longer oppose certification for settlement purposes. They therefore do not contend that Vecchio has failed to meet the requirements for class certification under either Federal Rule of Civil Procedure 23 or § 16(b) of the FLSA.

A class action may proceed pursuant to Rule 23 when: (1) the class is so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4). Furthermore, Rule 23(b)(3) requires the Court to find that: "[Q]uestions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* at (b)(3). Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.23(a)(4). Generally in the Second Circuit, "Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility" in evaluating class certification.

---

[4] The Amended Settlement Agreement defines "Preliminary Approval Order," as the order "entered by the Court preliminarily approving, *inter alia*, the terms and conditions of the [Amended Settlement Agreement], the manner and timing of providing [n]otice to the [c]ass, the time period for 'opt-outs' and objections[,] and scheduling [a] [f]airness [h]earing." Amended Settlement Agreement at 4, § 1.23.

8

*Reade-Alvarez v. Eltman, Eltman & Cooper*, P.C., 237 F.R.D. 26, 31 (E.D.N.Y. 2006) (marks and citation omitted).  Provisional class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating settlement, ensuring notification to class members of the proposed settlement agreement, and setting the date and time of the final approval hearing.  *See, e.g.*, *Westerfield v. Washington Mut. Bank*, No. 06 Civ. 2817 (CBA) (JMA), 2009 WL 6490084, at *1 (E.D.N.Y. June 26, 2009) (conditionally certifying a multi-state wage and hour settlement class and granting preliminary approval to nationwide wage and hour settlement).

Vecchio satisfies Federal Rule of Civil Procedure 23(a)(1) because "numerosity is presumed at a level of 40 members," and there are approximately 2,700 class members here.  *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  She also satisfies the requirements of commonality and typicality.  *See Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 258–59 (S.D.N.Y. 1998) (observing that commonality and typicality "tend to merge into one another, so that similar considerations animate analysis") (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)).  As explained by Vecchio, this case also involves common issues of law and fact, namely that all members are current or former employees of Quest Diagnostics who were paid less than minimum wage and are owed overtime.  *See* Memorandum in Support of Motion, Docs. 3246 (No. 16-cv-5165) at 32; 56 (19-cv-5194) at 32.  In similar circumstances, courts have found commonality and typicality to exist.  *See, e.g.*, *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 175 (S.D.N.Y. 2014) (conditionally certifying a class alleging the same state wage and hour violations for settlement purposes); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494 (DCF), 2009 WL 5841177, at *2 (S.D.N.Y. May 28, 2009) (granting final approval of a class alleging state wage and hour violations for settlement purposes).

Vecchio further satisfies the "adequacy of representation" inquiry of Rule 23(a)(4), which "looks both to the ability of class counsel and to the potential for conflict of interest between the representative plaintiffs and the rest of the class." *Martens*, 181 F.R.D. at 259. Vecchio's interests are not antagonistic to or at odds with those of the settlement class members. *See id.* ("[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.") (quoting *Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 433, 443 (S.D.N.Y. 1995)); *see, e.g.*, *Diaz v. E. Locating Serv., Inc.*, No. 10 Civ. 4082, 2010 WL 5507912, at *3 (S.D.N.Y. Nov. 29, 2010) (finding adequacy requirement met where plaintiffs' interests were not antagonistic or at odds with those of class members); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 3322580, at *2 (S.D.N.Y. Aug. 23, 2010) (same); *McMahon v. Olivier Cheng Catering & Events*, LLC, 2010 WL 2399328, at *2 (same).[5]

Certification is also proper under Rule 23(b)(3), as common factual allegations and a common legal theory predominate over any factual or legal variations among the class members. *See Reyes*, 2009 WL 5841177, at *3; *see, e.g.*, *Clark v. Ecolab, Inc.*, No. 07 Civ. 8623 (PAC), 2009 WL 6615729, at *5 (S.D.N.Y. Nov. 27, 2009) (finding common factual allegations and legal theories predominated among class members in wage and hour misclassification case). Additionally, class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 164 (S.D.N.Y. 2008) (finding class adjudication of state wage and hour claims appropriate even where a FLSA collective action was available). "Because the class certification request is made in the context of settlement only, the Court need not address the issue of

---

[5] The adequacy of class counsel is also not contested at this stage. The Court finds that appointment of Salvatore C. Badala, Napoli Shkolnik, PLLC is likely to be warranted because counsel has performed substantial work identifying, investigating, and settling the claims of Vecchio and the class members. *See generally* Badala Decl. ¶¶ 40–69.

10

manageability." *Garcia Morales v. New Indian Foods LLC*, No. 18 Civ. 3401, 2019 WL 2544867, at *3 (S.D.N.Y., June 20, 2019). For the foregoing reasons, the Court grants conditional certification of the settlement class under Rule 23.

Vecchio also seeks conditional certification of an FLSA collective action. The Second Circuit has endorsed a two-step framework for determining whether a court should certify a case as a collective action under § 216(b). *See Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010); *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016). First, the court must make "an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id*. (marks and citations omitted). This determination requires only a "modest factual showing" from plaintiffs that "they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id*. (marks and citations omitted). Critically, this standard is "'considerably less stringent than the requirements for class certification under Rule 23." *Lipstein v. 20X Hospitality LLC*, 2023 WL 1928860, at *2 (S.D.N.Y. Jan. 25, 2023) (marks and citations omitted); *see also Sanders v. CJS Solutions Group*, *LLC*, No. 17 Civ. 3809 (ER), 2018 WL 620492, at *6 (S.D.N.Y. Jan. 30, 2018) (same). As discussed above, Vecchio has shown that she is similarly situated to the class. The Court therefore finds that the class is entitled to conditional certification as an FLSA collective action.

### b. The Amended Settlement Agreement

The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1079 (2d Cir. 1995). "Preliminary approval of a settlement agreement requires only an initial evaluation of the fairness of the proposed settlement on the basis of written submissions and an informal

11

presentation by the settling parties." *See Sanders v. CJS Solutions Group, LLC*, No. 17 Civ. 3809 (ER), 2018 WL 1116017, at *2 (S.D.N.Y. Feb 28, 2018) (marks and citations omitted). The fairness of a settlement turns on its terms as well as the negotiating process from which it emerged. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir. 2005) (citations omitted). To grant preliminary approval, the Court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n-Eastern R.R.,* 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the Court finds that it appears to fall within the range of possible approval, the Court should order that the class members receive notice of the settlement. *Sanders*, 2018 WL 1116017, at *2. Courts in this District have declined to approve a preliminary settlement agreement of a FLSA collective and Rule 23 class if the agreement does not comply with the FLSA. *See, e.g.*, *Douglas v. Allied Universal Sec. Servs.*, 371 F. Supp. 3d 78 (E.D.N.Y. 2019) (denying motion to certify class for settlement purposes and preliminary approval of class settlement because of structural and legal deficiencies).

The Amended Settlement Agreement cures some, but not all, of the deficiencies highlighted by the Court during the Conference with regards to the Original Settlement Agreement. The following issues remain:

- Section 4.6(b) of the Amended Settlement Agreement[6] improperly suggests that a class member, simply by virtue of cashing his check, would join the settlement and release his independent right to bring FLSA claims, even if he had not filed written consent to join the collective, as required by the FLSA. The parties are directed to bring § 4.6(b) of the Amended Settlement Agreement in line with § 7

---

[6] Section 4.6(b) of the Amended Settlement Agreement provides that "each [c]laimant, *upon negotiating his or her settlement check*, . . . fully releases . . . all claims under the FLSA for unpaid wages, overtime pay, failure to maintain and furnish employees with proper wage records, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the FLSA." Amended Settlement Agreement at 17–18, § 4.6(b).

12

- of the Amended Proposed Notice,[7] by making clear that a claimant must file written notice with the Court to opt in and release his FLSA claims.

- The Amended Settlement Agreement ostensibly still permits the parties to ask the Court to hold a fairness hearing *before* the expiration of the deadline for the collective members to opt in.[8]  The parties are directed to revise the Amended Settlement Agreement to make clear that no fairness hearing will be held, and no final settlement agreement will be issued, until such time as the deadline has expired for members of the class to opt in.

- The deadlines to opt out specified in the Amended Proposed Notice and the Amended Settlement Agreement are still inconsistent.[9]  The parties are directed to make these deadlines consistent.

- The Amended Proposed Order still incorrectly contains language dismissing 16-cv-5165 and 19-cv-5194 with prejudice, which, as noted by the Court during the Conference, is premature at that this preliminary stage.[10]  The parties are directed to delete this dismissal language.

---

[7] Section 7 of the Amended Proposed Notice, like § 3.5(c) of the Amended Settlement Agreement, *correctly* states that "if you provide written consent and cash your settlement check, you will also specifically opt-into the litigation and you will fully release [r]eleasees from all claims under the [FLSA] . . .  that were or could have been asserted in the lawsuits."  Amended Proposed Notice at 27–28, § 7.

[8] "*Cheeks* . . . requires the Court to evaluate the fairness of a proposed settlement *after* collective members opt in." *Villar*, 2020 WL 4904031, at *4 (S.D.N.Y. Aug. 20, 2020) (emphasis in the original) (citations omitted).  Section 1.24 of the Amended Settlement agreement specifies a "[c]heck [c]ashing [d]eadline" of 90 days after the settlement administrator mails individual settlement payments to class members.  Amended Settlement Agreement at 4, § 1.24.  To opt in to the settlement, a class member *must* "cash/negotiate/redeem their settlement checks. . . ." *Id.* at 9, § 3.5(c).  Section 3.5(c) states that notice—which is to be sent within 20 after the Court preliminary approves a settlement agreement, and within 10 calendar days after the settlement administrator receives the class list from defendants[8]—will "advise [class members] of the opportunity to . . . obtain a [s]ettlement [c]heck. . . ." *Id.*  Thus, a class member cannot opt into the litigation without first receiving notice and thereafter obtaining an individual settlement check.  *See,* Amended Proposed Notice at 27 ("If you do not opt out of the settlement[,] . . . you will be sent a check representing your individual recovery.").  Section 3.9, however, provides that a Fairness Hearing "shall be [held] at least *seventy-five (75)* days after the mailing of the [n]otice."  Amended Settlement Agreement at 11 § 3.9.  Under this framework, the parties could request a fairness hearing 76 days after the mailing of the notices, a date which would *precede* the deadline for the class members to opt in—which, again, is 90 days after the settlement administrator mails the *individual settlement payments* to class members, an event which, in turn, will occur some time *after* the notices are mailed.

[9] *Compare* Amended Settlement Agreement, § 3.6(a) at 9–10 ("The [Amended Proposed Notice] shall inform Class Members of the deadline for opting out, which shall be sixty (60) days after *the date of mailing of the* [n]otice."), *with* Amended Proposed Notice, § 10 at 29 ("You may request to be excluded from the settlement by 'opting out.'" "The request for exclusion must be received at least sixty (60) days before the final approval hearing. . . .") (emphasis added).[9]  The parties are again directed to bring these provisions into alignment.  Furthermore, pursuant to the Court's direction, the parties correctly added to the Amended Settlement Agreement the language, "[a] class member who opts out may not also comment or object to the [s]ettlement." Amended Settlement Agreement at § 3.7(a) at 11.

[10] *See* Conf. Tr. at 6:17–20; *see also* Amended Proposed Order at 32–33. ("Before the Court is an unopposed Joint Stipulation of Settlement and Release . . . by Maria Vecchio . . . plaintiff, for entry of an order approving the proposed settlement and dismissing [16-cv-5165 and 19-cv-5194], with prejudice."); *Villar*, 2020 WL 6538750, at

13

In light of outstanding issues specified above, the motion for preliminary approval of the Amended Settlement Agreement is denied without prejudice.

### III. Conclusion

For the reasons set forth, the motion to conditionally certify the class and collective for purposes of settlement is GRANTED. As stipulated above, the motion for conditional approval of the Amended Settlement Agreement is DENIED without prejudice. The parties are instructed to file a further revised settlement reflective of the directions given by the Court herein by no later than **April 14, 2023**. The Clerk of Court is respectfully directed to terminate the motion, Doc. 3245 in case 16-cv-5165, and Doc. 55 in case 19-cv-5194.

It is SO ORDERED.

Dated:   April 7, 2023
         New York, New York

                                                          EDGARDO RAMOS, U.S.D.J

---

*2 (noting that following final approval of a settlement, the administrator's mailing of settlement checks, and the expiration of the time period for individuals to endorse or cash their settlement checks, copies of all settlement checks will be submitted to the court under seal, and a list of all individuals that have endorsed and cashed their settlement checks shall be publicly filed on the docket; after such filing, the court would issue a final order dismissing the case with prejudice).